**Re:** *Lee v. Marlene Henze, et al.*

## HEALTH PROFESSIONAL'S REPORT

1.  Anthony Lee was incarcerated at Joliet Treatment Center and Stateville Correctional Center.

2.  Dr. Marlene Henze was the facility medical director at both facilities while Anthony Lee was housed there.

3.  Dr. Marlene Henze was also one of Anthony's treating physicians when he set fire to his own leg in Joliet Treatment Center on February 25, 2023, causing severe, circumferential burns

4.  When Anthony set his leg on fire, he suffered a serious burn. He showed signs of a surgical emergency and a condition that threatened his limb if not provided immediate care. He exhibited signs of extreme pain.

5.  Upon treating Mr. Lee for his circumferential burns, Dr. Henze was required to do the following:

    a.  Thoroughly assess Anthony Lee to identify his needs and risks to his health and safety;

    b.  Use the assessment's findings to develop and order a care plan specific to his needs in conjunction with other medical and nursing staff;

    c.  Ensure that the medical and nursing staff carry out the interventions listed in the care plan;

    d.  Periodically reevaluate the care plan and Anthony Lee to determine whether the interventions were effective or whether changes were necessary; and,

    e.  Communicate effectively with Anthony Lee, nursing staff, and other medical staff while assessing, developing, implementing, and reevaluating the care plan;

    f.  Refrain from taking action that would worsen Anthony's condition and/or exacerbate his pain, such as four-point restraints;

    g.  Refer Anthony to a hospital or specialist and/or facilitate a transfer, when it became apparent that he was experiencing a surgical emergency;

    h.  Refer Anthony to a hospital or specialist, and/or facilitate a transfer, when it

1

became apparent that he required care beyond the capabilities of Wexford and the Department of Corrections;

    i.  Continuously assess the need for restraints and discontinue orders for restraints when it became apparent, they were a risk to his health and safety;

    j.  Take all other reasonable measures to assess and treat Anthony's burns.

6. Based upon my experience, training, knowledge, and my review of Anthony Lee's medical records, it is my opinion, to a reasonable degree of medical certainty, that the care provided by Dr. Henze at Joliet Treatment Center fell below the minimum standard of care and constituted negligence because she:

    a.  Failed to thoroughly assess Anthony's condition and safety risks;

    b.  Failed to implement an individualized plan of care addressing Anthony Lee's severe burn;

    c.  Failed to provide clinical oversight of the individuals who provided care to Anthony Lee;

    d.  Failed to adequately monitor and reevaluate Anthony Lee's condition;

    e.  Failed to reassess her plan of care for adequacy and effectiveness;

    f.  Failed to effectively communicate with Anthony Lee's other providers;

    g.  Failed to ensure that application of restraints was medically safe given Anthony's burned extremity;

    h.  Failed to refer or facilitate the transfer of Anthony Lee to a hospital or specialist.

7. While under the care of Dr. Henze, Anthony suffered unnecessary pain and experienced delayed presentment to the hospital for a surgical emergency.

8. In my opinion, there is a reasonable and meritorious basis for filing a lawsuit against Dr. Marlene Henze.

9. I am a physician licensed to practice medicine in all its branches.

10. I am knowledgeable in the relevant issues involved in this particular action, specifically the provision of health care in a correctional setting.

11. I have practiced medicine in the same area of health care or medicine that is at issue

2

in this particular action within the last 5 years.

12. I am qualified by experience and have demonstrated competence regarding the care and treatment of patients who require health care in a correctional setting, such as Anthony Lee.

13. I am familiar with the standard of care for physicians and nurse practitioners as it currently relates to issues of care and treatment of patients in a correctional setting such as Anthony Lee.

14. Specifically, I am knowledgeable about the standard of care for general medical practitioners in a correctional setting who are treating a patient with specialized needs, such as Anthony Lee.

15. I have read and reviewed the following records in this case:

**Medical Records for Anthony Lee**
Illinois Department of Corrections
Dates: 4/4/2003-10/16/2023

Amita Health Aurora
Dates: 02/07/2023-03/16/2023, 04/04/2023, 05/05/2023-05/16/2023

_____
Signature

2/19/2025
Date

3

State of Washington

County of Thurston

I certify that I know or have satisfactory evidence that Ryan Herrington
(name of individual)

is the person who appeared before me and said person acknowledged that (he/she) signed this

instrument, Health Professional's Report ,
(document description)

and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the

instrument.

Dated: 02/19/2025

(Signature of Notary)

Notary Public for the State of Washington

My Appointment Expires: 04/13/2027

TAYLOR SEAMAN
Notary Public
Seal or Stamp
State of Washington Here
Commission # 23019726
My Comm. Expires Apr 13, 2027

GCU 02685 R 04/05/2023