Re: *Lee v. Wexford Health Sources*

## HEALTH PROFESSIONAL'S REPORT

1. Anthony Lee was incarcerated at Joliet Treatment Center and Stateville Correctional Center when he suffered serious burns and, later, a related infection.

2. Wexford Health Sources contracted with the Illinois Department of Corrections to provide healthcare services and staffing at their facilities, including Joliet and Stateville.

3. Upon treating Mr. Lee for his circumferential burns, Wexford, by and through its agents and employees, was required to do the following:

    a. Thoroughly assess Anthony Lee to identify his needs and risks to his health and safety;

    b. Use the assessment's findings to develop and order a care plan specific to his needs in conjunction with other medical and nursing staff;

    c. Ensure that the medical and nursing staff order interventions to address the risks to his health and safety;

    d. Ensure that the medical and nursing staff carry out the interventions listed in the care plan;

    e. Reevaluate the care plan and Anthony Lee to determine whether the interventions were effective or whether changes were necessary; and,

    f. Communicate effectively with Anthony Lee, nursing staff, and other medical staff while assessing, developing, implementing, and reevaluating the care plan;

    g. Refrain from taking action that would worsen Anthony's condition and/or exacerbate his pain, including but not limited to four-point restraints;

    h. Refer Anthony to a hospital or specialist and/or facilitate a transfer, when it became apparent that he was experiencing a surgical emergency;

    i. Refer Anthony to a hospital or specialist, and/or facilitate a transfer, when it became apparent that he required care beyond the capabilities of Wexford and the Department of Corrections;

    j. Continuously assess the need for restraints and order their removal when it

1

     became apparent they were a risk to his health and safety;

k. Refer Anthony to a hospital or specialist and/or facilitate a transfer, when it became apparent that he had an infection or other complication;

l. Refer Anthony to a hospital or specialist and/or facilitate a transfer, when it became apparent that his infection was worsening;

m. Refer Anthony to a hospital or specialist and/or facilitate a transfer, when his wound had deteriorated to such a degree that his bone was visible;

n. Refer Anthony to a hospital or specialist, and/or facilitate a transfer, when it became apparent that he required care beyond the capabilities of Wexford and the Department of Corrections;

o. Prescribe and engage in an effective course of treatment that was designed to treat his needs;

p. Appropriately document the status of Anthony's wound during his course of treatment and assessment; and

q. Take all other reasonable measures to assess and treat Anthony's burns and wounds.

4. Based upon my experience, training, knowledge, and my review of Anthony Lee's medical records, it is my opinion, to a reasonable degree of medical certainty, that the care provided by Wexford, by and through its agents and employees, fell below the minimum standard of care and constituted negligence because it:

   a. Failed to assess the risks posed to Anthony's health and safety;

b. Failed to develop and implement an individualized plan of care addressing Anthony burns, skin graft, wound, and infection;

c. Failed to properly communicate with and supervise the individuals who provided care to Anthony;

d. Failed to adequately assure clinical oversight to include monitoring and reevaluating Anthony Lee;

e. Failed to continuously reassess Anthony Lee's plan of care for adequacy and effectiveness;

    f. Failed to provide orders to immediately address Anthony Lee's burns and infection;

    g. Implemented a course of treatment that was ineffective in treating Anthony's burns and infection;

    h. Prescribed medications that would not effectively treat Anthony's condition;

    i. Failed to refer or facilitate the transfer of Anthony Lee to a hospital or specialist;

    j. Failed to effectively communicate with Anthony Lee's other providers;

    k. Ordered the imposition of painful restraints on Anthony Lee, which posed a risk to his health and safety and increased his pain;

    l. Failed to periodically reassess the need for restraints; and

    m. Failed to appropriately document the status of Anthony's wound during his course of treatment and assessment.

5. While under the care of Wexford Health Sources, Anthony suffered unnecessary pain, experienced delayed presentment to the hospital for a surgical emergency, received ineffective treatment to his wounds, and experienced delayed presentment to the hospital for a severe infection.

6. In my opinion, there is a reasonable and meritorious basis for filing a lawsuit against Wexford Health Sources.

7. I am a physician licensed to practice medicine in all its branches.

8. I am knowledgeable in the relevant issues involved in this particular action, specifically the provision of health care in a correctional setting.

9. I have practiced medicine in the same area of health care or medicine that is at issue in this particular action within the last 5 years.

10. I am qualified by experience and have demonstrated competence regarding the care and treatment of patients who require health care in a correctional setting, such as Anthony Lee.

11. I am familiar with the standard of care for physicians, nurse practitioners, and nurses as it currently relates to issues of care and treatment of patients in a correctional setting such as Anthony Lee.

12. Specifically, I am knowledgeable about the standard of care for general medical practitioners in a correctional setting who are treating a patient with specialized needs, such as Anthony Lee.

13. I have read and reviewed the following records in this case:

**Medical Records for Anthony Lee**
Illinois Department of Corrections
Dates: 4/4/2003-10/16/2023

Amita Health Aurora
Dates: 02/07/2023-03/16/2023, 04/04/2023, 05/05/2023-05/16/2023

_____                                    2/19/2025
Signature                                                              Date

State of Washington

County of Thurston

I certify that I know or have satisfactory evidence that Ryan Herrington
(name of individual)

is the person who appeared before me and said person acknowledged that (he/she) signed this instrument, Health Professional's Report,
(document description)

and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the instrument.

Dated: 02/19/2025

(Signature of Notary)

Notary Public for the State of Washington

My Appointment Expires: 04/13/2027

TAYLOR SEAMAN
Notary Public
State of Washington
Commission # 23019726
My Comm. Expires Apr 13, 2027

GCU 02685 R 04/05/2023