3078567-JKS/SLM
6288632/6346125

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | NO. 1:25-cv-01772 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| MARLENE HENZE, DIANNA KUCERA, | ) | |
| MITCHELL MCGLADDERY, | ) | |
| HELEN BRUCKNER, | ) | |
| EILEEN COUTURE, | ) | |
| | ) | |
| Defendants. | ) | |

<u>DEFENDANT MITCHELL MCGLADDERY'S RULE 12(b)(6) MOTION TO DISMISS
COUNTS IV AND X OF PLAINTIFF'S COMPLAINT</u>

Defendant Mitchell McGladdery ("Defendant" or "Nurse McGladdery"), by and through

his attorneys, AMUNDSEN DAVIS LLC, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves

to strike and dismiss Counts IV and X of Plaintiff's Complaint at Law. (ECF 1)  As set forth

below, the Court should grant Defendant McGladdery's Motion to Dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6) because Plaintiff fails to comply with the federal pleading

requirements under Rule 8, and with the requirements of the Illinois Code of Civil Procedure,

735 ILCS 5/2-622.  In support thereof, this Defendant states as follows:

I.     <u>Introduction</u>

Plaintiff alleges that from March 16, 2023, to June 23, 2023, he was denied proper and

prompt medical care for self-inflicted burn injuries. (ECF 1)  Specific to this Defendant, Plaintiff

alleges in Counts IV and X that Defendant Mitchell McGladdery was deliberately indifferent to

1

and recklessly disregarded Plaintiff's serious medical needs, as well as alleging that Defendant McGladdery committed nursing malpractice. As a result of McGladdery's allegedly negligent nursing care, Plaintiff alleges he suffered "unnecessary and prolonged pain and ultimately lost a limb." (ECF 1 at ¶ 247)

Counts IV and X of Plaintiff's Complaint fails to set forth facts sufficient to state a claim under Rule 8 of the Federal Rules of Civil Procedure and does not put Defendant McGladdery on notice as to the nature of the claims made against him. Moreover, Count X of Plaintiff's Complaint sounds in medical negligence, which is conceded by Plaintiff through his attachment of a physician report pursuant to Section 5/2-622 of the Illinois Code of Civil Procedure. (ECF 1-5) The report attached to Plaintiff's Complaint, however, fails to satisfy the statutory requirements of a § 2-622 report, making dismissal of Count X of Plaintiff's Complaint appropriate.

II.    Standard of Review

When considering a motion to dismiss for failure to state a claim, the court accepts the plaintiff's allegations as true, and construes all inferences in favor of the plaintiff. *Chapman v. Chandra*, 2007 WL 1655799 (S.D.Ill. 2007) *citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal pursuant to Rule 12(b)(6) is appropriate only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id*. However, the court is not bound by a plaintiff's legal conclusions set forth in the complaint. *Nelson v. Monroe Reg'l Med. Ctr.*, 925 F.2d 1555, 1559 (7th Cir.1991).

A sufficient complaint need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007); *see also*

2

*Killingsworth v. HSBC Bank Nev*., N.A., 507 F.3d 614, 618 (7th Cir. 2007). In order "to form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Stanard v. Nygren*, 658 F.3d 792, 799 (7th Cir. 2011).

III.     ARGUMENT

     a.     Plaintiff's Second Amended Complaint Fails to Comply with Rule 8 of the Federal Rules of Civil Procedure, and Should Be Dismissed.

Plaintiff's Second Amended Complaint violates Rule 8 because it is not clear which specific defendants committed which specific acts. Rule 8 requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1). The purpose of Rule 8 is to give defendants fair notice of the claims against them and the grounds supporting the claims (*See Killingsworth v. HSBC Bank Nev*., N.A., 507 F.3d 614, 618 (7th Cir. 2007); *see also* Faulkner v. Loftus, 2018 WL 1181980, p. 12 (C.D.Ill. 2018). Pleadings must be straightforward under Rule 8(a) to prevent judges and adverse parties from trying to "fish a gold coin out of a bucket of mud." *Hudson v. JP Morgan Chase Bank*, 2020 WL 3066615, p. 3 (C.D.Ill 2020) (citing *U.S. ex. Rel. Garst v. Lockheed-Martin Corp*., 328 F.3d 374, 378 (7th Cir. 2003)).

In this case, Count IV of Plaintiff's Complaint alleges that Defendant McGladdery "failed to conform to basic standards of medical care," made treatment decisions that "were a substantial departure from accepted professional judgment, practice, and standards," "persisted in a court of treatment known to be ineffective," and "chose easier and less efficacious treatments without exercising sound professional judgment." (ECF 1 at ¶ 189-192) Count X of Plaintiff's

Complaint alleges only that Defendant McGladdery "breached her [sic] duty to provide reasonable care to [Plaintiff]" and "was negligent." (ECF 1 at ¶ 245-246)

When a complaint is "unclear how each defendant is supposed to have participated" in the alleged conduct…it violates Rule 8(a). *Griffin v. Milwaukee Cty.*, 369 F.App'x 741, 743 (7th Cir. 2010) (non-precedential disposition); *see also Srivastava v. Daniels*, 409 F. App'x 953, 955 (7th Cir. 2011) (affirming dismissal of complaint because it was impossible to determine whether any claims had merit.). Plaintiff's claims against Defendant Nurse McGladdery do not identify any actual nursing care that is alleged to have been negligent. Defendant McGladdery should not be required to guess at what he is alleged to have done improperly in order to defend himself in this case. Defendant McGladdery therefore requests this Court find, as in *Hudsen*, that Counts IV and X of Plaintiff's Complaint fail to comply with Rule 8 and should therefore be dismissed.

b. Count X of Plaintiff's Complaint Fails to Comply with Section 2-622 of the Illinois Code of Civil Procedure and Should Be Dismissed.

Even if this Court finds, *arguendo*, that Counts IV and X of Plaintiff's Second Amended Complaint complies with F.R.C.P Rule 8, Plaintiff's pleadings in Count X set forth allegations of negligent medical care against Defendants, and dismissal of Count X is still proper. Section 2-622 of the Illinois Code of Civil Procedure requires a plaintiff in any action for medical or healing art malpractice to attach to his complaint an affidavit confirming that the case has been presented to a health care professional and that the plaintiff has received a written report stating that a meritorious claim exists. *See* 735 ILCS 5/2-622; *Landstrom v. Illinois Dept. of Children & Family Services*, 699 F.Supp. 1270, 1282 (N.D. Ill.1988). Failure to file this affidavit is cause for dismissal. 735 ILCS 5/2-622(g). The statute is "designed to reduce the number of frivolous lawsuits that are filed and to eliminate such actions at an early stage." *Cuthbertson v. Axelrod*, 669 N.E.2d 601, 605-606 (Ill.App.Ct. 1996).

4

Section 2-622 has been widely recognized within the Seventh Circuit as a substantive provision of Illinois law which should be applied to claims brought in the federal courts. *See e.g., Baumann v. American Nat'l Red Cross*, 262 F.Supp.2d 965, 966 (CD.Ill.2003); *Landstrom*, 699 F.Supp.1270, 1282; *Sherrod v. Lingle*, 223 F.3d 605 (7th Cir. 2000) (Section 2-622 is a substantive law which should apply to medical malpractice claims in federal courts).

Plaintiff concedes in Count X of his Complaint that he is bringing a medical malpractice negligence claim both by virtue of the count's title of "Medical Malpractice, Negligence Against Defendant Nurse Mitchell McGladdery," and his attachment of a physician report allegedly submitted pursuant to section 2-622. (ECF 1-5)

Section 2-622 was enacted to minimize the number of frivolous medical malpractice lawsuits that are filed and to eliminate those actions at the early stages of litigation. *Hull v. So. Ill. Hosp. Serv.*, 356 Ill.App.3d 300, 304, 826 N.E.2d 930 (5th Dist. 2005); *see Apa v. Rotman*, 288 Ill.App.3d 585, 589, 680 N.E.2d 801 (1997). In order to satisfy section 2-622(a)(1), a plaintiff must attach "a written report, *clearly* identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists." 735 ILCS 5/2-622(a)(1) (*emphasis added*). The report must clearly identify the reasons for the health professional's determination that there is a meritorious cause of action. *Peterson v. Hinsdale Hosp.*, 233 Ill.App.3d 327, 331, 599 N.E.2d 84 (1992).

In *Premo v. Falcone*, the physician's report stated that the reasons for his determination that a meritorious cause of action existed were the defendants' "inappropriate interpretation of clinical evidence of fetal stress and distress during labor" and the defendants' "inappropriate actions…to intervene and to provide appropriate medical care and treatment." 197 Ill. App. 3d 625, 632, 554 N.E.2d 1071, 144 Ill. Dec. 32 (2d Dist. 1990). The court in *Premo* held that

5

because the report never discussed what the appropriate actions were, it failed to adequately state a basis for the physician's determination that there was a reasonable and meritorious cause to file an action against the defendants. *Premo*, 197 Ill. App. 3d at 632.

Similarly, in *Batten v. Retz*, the physician's report stated a meritorious cause of action existed because the defendants "failed to order appropriate diagnostic tests and timely consult with a gastroenterologist prior to surgical intervention," "failed to recommend and perform appropriate diagnostic tests to rule out common bile duct obstructions," and "failed to follow standard practices and procedures in the Plaintiffs' decedent's postoperative management of her T-tube drain;" and that defendants' various departures from acceptable medical care caused or contributed to the decedent's untimely death. 182 Ill. App. 3d 425, 428, 538 N.E.2d 179, 130 Ill. Dec. 968 (3d Dist. 1989). The *Batten* court noted that the report was "clearly insufficient" and failed to explain the basis for the physician's conclusion that a reasonable and meritorious cause for filing the complaint existed. *Batten*, 182 Ill. App. 3d at 429-30.

Likewise, in *Moss v. Gibbons*, Plaintiff's 2-622 report was found to be deficient where it failed to identify reasons for the reviewing health professional's that there was a meritorious cause of action. *Moss v. Everett Gibbons, et al.*, 180 Ill. App. 3d 632, 638 (4th Dist. 1989). Specifically, the Court in Moss found the report to be insufficient where it did not identify the involvement of each defendant or the treatment provided by each defendant, including a hospital entity, and therefore failed to identify the reasons for the meritoriousness determination. In so finding, the Court noted, "A generalized conclusion of medical malpractice cannot support the meritoriousness determination." *Id*.

Count IV of Plaintiff's Complaint states only that McGladdery "failed to conform to basic standards of medical care," made treatment decisions that "were a substantial departure

from accepted professional judgment, practice, and standards," "persisted in a court of treatment known to be ineffective," and "chose easier and less efficacious treatments without exercising sound professional judgment." (ECF 1 at ¶ 189-192) Count X of Plaintiff's Complaint alleges only that Defendant McGladdery "breached her [sic] duty to provide reasonable care to [Plaintiff]" and "was negligent." (ECF 1 at ¶ 245-246)

Plaintiff's physician report against McGladdery sets forth multiple vague criticisms of his care, including, *inter alia*, that he failed to "thoroughly assess and reassess," "failed to communicate," failed to ensure staff were aware of "changes" to his physical state, and failed to "appropriately document" the status of Plaintiff's wound. (ECF 1-5) This report fails to satisfy the standards for specificity espoused in *Premo* and *Batten*.

Under the holdings in *Batten* and *Premo*, a section 2-622 report must set forth generally the elements of a medical negligence claim: what the provider was supposed to do (what the standard of care required); how the care provided failed to comply with that standard of care; and that those deviations proximately caused some identified injury to the patient. Despite offering vague criticisms of Nurse McGladdery in the report, however, there is no indication what McGladdery should have done to appropriately care for Plaintiff. There is no identification of what "risks" McGladdery failed to assess, what communication was required to have been done but was not, what "changes" in Plaintiff's condition should have been reported to staff members and when, or how McGladdery's documentation was purportedly insufficient.

Filing a physician report that essentially says that a nurse "failed to assess, observe, or communicate" is improperly vague and insufficient to satisfy the requirements of section 2-622 as they have been consistently interpreted by Illinois courts. As in *Premo* and *Batten*, the physician certificate of merit submitted by Plaintiff does not identify, *inter alia*, the allegedly

appropriate assessment methods or therapies that should have been implemented, nor does it identify what constituted a "change" in Plaintiff's condition that needed to be communicated, or what documentation would have been appropriate.  Plaintiff's report therefore fails to adequately state a basis for his physician's determination that a reasonable and meritorious cause to file an action against Defendant McGladdery and dismissal of Count X of Plaintiff's Complaint is required.  *See Hull*, 356 Ill. App. 3d at 305; *Moyer*, 327 Ill. App. 3d at 901; *Premo*, 197 Ill. App. 3d at 632, *Batten*, 182 Ill. App. 3d at 429-30.

WHEREFORE, for the above and foregoing reasons, Defendant Mitchell McGladdery respectfully requests this Honorable Court enter judgment in her favor as to Counts IV and X of Plaintiff's Complaint and deny any and all relief requested by Plaintiff in this matter.

Respectfully submitted,

AMUNDSEN DAVIS, LLC

By:     /s/ Jennifer K. Stuart_____
        One of the Attorneys for
        Defendant Mitchell McGladdery, RN

Jennifer K. Stuart – jstuart@amundsendavislaw.com
Shannon L. McKeon – smckeon@amundsendavislaw.com
AMUNDSEN DAVIS LLC
150 North Michigan Ave., Ste. 3300
Chicago, IL 60601
(312) 894-3200