**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony Lee, | ) | |
| | ) | |
| Plaintiff, | ) | No: 25-cv-01772 |
| | ) | |
| v. | ) | |
| | ) | |
| Wexford Health Sources, Inc. | ) | |
| Marlene Henze, Dianna Kucera, | ) | |
| Mitchell McGladdery, Helen Bruckner | ) | |
| Eileen Couture, | ) | |
| Dr. Stathis Poulakidas, | ) | JURY DEMAND |
| Presence Central and Suburban | ) | |
| Hospitals Network d/b/a Ascension | ) | |
| Mercy, and d/b/a AMITA Health Mercy | ) | |
| Medical Center, a/k/a AMITA Health | ) | |
| Aurora, also d/b/a Prime Healthcare | ) | |
| Services, Inc. a/k/a Prime Healthcare | ) | |
| d/b/a Mercy Medical Center, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**SECOND AMENDED COMPLAINT**

Plaintiff, Anthony Lee, by and through his attorneys, Romanucci and Blandin, LLC, moves this Honorable Court for Leave to File, *nunc pro tunc*, his Second Amended Complaint. Plaintiff states as follows:

On February 20, 2023, Plaintiff filed his original Complaint. ECF 1. On April 23, 2025, Plaintiff filed his First Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15 (a)(1)(B). ECF 35. Plaintiff alleges claims involving the healthcare that he received while incarcerated in the Illinois Department of Corrections that ultimately resulted in his loss of his leg on May 6, 2023. Some

1

allegations and claims are against Presence Central and Suburban Hospitals Network, an Illinois not-for-profit corporation d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a AMITA Health Aurora and their agent and employee, Dr. Stathis Poulakidas, who performed what Plaintiff has alleged as an unnecessary amputation surgery.

On May 6, 2025, Plaintiff learned, based on representations from counsel for one of the Defendants, that the former owner of the hospital in which Mr. Lee's leg was amputated "divested its ownership" of the facility as of March 1, 2025, and that the facility is currently owned by Prime Healthcare Services, Inc (Prime). Because Mr. Lee lost his leg on May 6, 2023, the statute of limitations for his claims against his medical treaters for damages arising from the negligent amputation is May 6, 2025．735 ILCS 5/13-21. Accordingly, Plaintiff learned that Prime acquired the Amita Health Aurora facility in March of 2025 on the same day that his statute of limitations was set to expire. This gave Plaintiff no time to ensure that the Court could consider and rule upon a Motion for Leave to Amend prior to the expiration of the statute of limitations. To ensure that Mr. Lee preserves potentially viable claims against Prime Healthcare, he filed his Second Amended Complaint on May 6, 2025 (ECF 50) and now seeks leave for the amendment *nunc pro tunc*.

The court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff is requesting leave to amend to add a viable Defendant within the applicable statute of limitations. The only reason that Plaintiff did not move for leave earlier is because he learned of this Defendant's involvement *on the date of the statute of limitations*, despite filing his original complaint months before its

expiration. Leave to amend is warranted to allow Plaintiff to bring these claims within the applicable statute of limitations and ensure that these claims are adjudicated based on their merits. Plaintiff respectfully requests that he be granted Leave to File his May 6, 2025, Second Amended Complaint, *nunc pro tunc*.

Respectfully submitted,

s/Sam Harton
Attorney for the Plaintiff

Sam Harton
Daisy Ayllon
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
Tel: (312) 253-8618
Fax: (312) 458-1004
sharton@rblaw.net
dayllon@rblaw.net

3