**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY LEE (#Y48589), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 25-cv-01772 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC. | ) | Honorable Judge Jorge L. Alonso |
| MARLENE HENZE, DIANNA KUCERA, | ) | |
| MITCHELL MCGLADDERY, | ) | |
| HELEN BRUCKNER, EILEEN COUTURE, | ) | |
| DR. STATHIS POULAKIDAS, PRESENCE | ) | |
| CENTRAL AND SUBURBAN HOSPITALS | ) | |
| NETWORK d/b/a ASCENSION MERCY, and | ) | |
| d/b/a AMITA HEALTH MERCY MEDICAL | ) | |
| CENTER a/k/a AMITA HEALTH AURORA, | ) | |
| also d/b/a PRIME HEALTHCARE | ) | |
| SERVICES, INC. a/k/a PRIME HEALTHCARE | ) | |
| d/b/a MERCY MEDICAL CENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, MARLENE HENZE'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW

NOW COMES Defendant, MARLENE HENZE, by and through her counsel, CONNOLLY KRAUSE, LLC, and for her Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint at Law (ECF 50), states as follows:

### I.    JURY DEMAND

1.    Plaintiff Anthony Lee hereby demands a trial by jury.

**ANSWER:    Defendant also demands a trial by jury.**

### II.    JURISDICTION AND VENUE

2.    The Court has jurisdiction pursuant. to 28 U.S.C. §§ 1331 and 1343(a), as Plaintiffs causes of action are brought under the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.

**ANSWER:** **Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(a). Defendant also admits that Plaintiff brings claims pursuant to 42 U.S.C. § 1983 and the Eighth Amendment. Defendant denies that the Fourteenth Amendment applies to Plaintiff as he was not a pretrial detainee. Defendant denies liability and denies that Plaintiff has suffered damages.**

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as one or more of the Defendants resides in this judicial district and a substantial part of the events or omissions giving rise to the claims asserted in this lawsuit occurred in this judicial district.

**ANSWER:** **Defendant admits that venue is proper. Defendant denies that any events or omissions alleged give rise to Plaintiff's claims. Defendant also denies liability.**

### III.    PARTIES

4.    At all times relevant, Plaintiff, Anthony Lee, ("Anthony") was a citizen of the United States, a resident of Will County, Illinois.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.**

5.    At all times relevant, Anthony was in custody of the State of Illinois's Department of Corrections and incarcerated in the Illinois Department of Corrections.

**ANSWER:** **Defendant admits the allegations in paragraph 5.**

6.    From March 16, 2023, to June 23, 2023, Anthony was incarcerated at Stateville Correctional Center ("Stateville"), a prison operated by the State of Illinois.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.**

7.    From March 16, 2023, to June 23, 2023, Anthony was incarcerated at Stateville, a

prison managed by the State of Illinois.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.**

8.     From March 16, 2023, to June 23, 2023, Anthony was incarcerated at Stateville, a prison maintained by the State of Illinois.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.**

9.     Anthony is currently incarcerated at Joliet Treatment Center ("JTC"), a prison operated, managed, and maintained by the State of Illinois.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.**

10.     At all times relevant hereto, Wexford Health Sources, Inc. ("Wexford") was a medical care contractor that provided medical personnel and services to the State of Illinois's Department of Corrections and the inmates in its custody.

**ANSWER:** **Defendant admits that at certain times Wexford supplied medical personnel, and those medical personnel provided medical services at certain State of Illinois Department of Correction facilities to certain inmates in custody. Defendant denies the remaining allegations in paragraph 10.**

11.     At the time of the incidents involving Anthony, Dr. Marlene Henze ("Dr. Henze") was a family medicine physician who served as the Medical Director for Stateville.

**ANSWER:** **Defendant admits that she is a family medicine physician. Defendant admits that at certain time she served as the medical director for Stateville. Defendant denies the remaining allegations in paragraph 11.**

12.     At the time of the incidents involving Anthony, Dr. Henze was employed by Wexford.

**ANSWER:     Defendant admits the allegations in paragraph 12.**

13.     At the time of the incidents involving Anthony, Dr. Henze was an agent or apparent agent of Wexford.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.**

14.     Dr. Henze is currently a medical doctor at JTC.

**ANSWER:     Defendant denies the allegations in paragraph 14.**

15.     At all times relevant, Dr. Diana Kucera ("Dr. Kucera") was a clinical psychologist at Stateville.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.**

16.     At all times relevant, Dr. Kucera was employed by Wexford.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.**

17.     At the time of the incidents involving Anthony, Dr. Kucera was an agent or apparent agent of Wexford.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.**

18.     At all times relevant, Nurse Mitchell McGladdery ("Nurse McGladdery") was a registered nurse at Stateville.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the**

**truth of the allegations in paragraph 18.**

19.     At all times relevant, Nurse McGladdery was employed by Wexford.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.**

20.     At all times relevant, Nurse McGladdery was an agent or apparent agent of Wexford.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.**

21.     At all times relevant, Nurse Practitioner Helen Bruckner ("Nurse Practitioner Bruckner") was a nurse practitioner at Stateville.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.**

22.     At all times relevant, Nurse Practitioner Bruckner was employed by Wexford.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.**

23.     At all times relevant, Nurse Practitioner Bruckner was an agent or apparent agent of Wexford.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.**

24.     At all times relevant, Dr. Eileen Couture ("Dr. Couture") was a nurse practitioner at Stateville.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.**

25.     At all times relevant, Dr. Couture was employed by Wexford.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.**

26.     At all times relevant, Dr. Couture was an agent or apparent agent of Wexford.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.**

27.     At all times relevant, Wexford acted as a state actor under color of law.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.**

28.     At all times relevant, Dr. Henze acted as a state actor under color of law and within the scope of their employment.

**ANSWER:     Defendant admits that she acted within the course and scope of her employment. Defendant denies the remaining allegations in paragraph 28.**

29.     At all times relevant, Dr. Kucera acted as a state actor under color of law and within the scope of their employment.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29.**

30.     At all times relevant, Nurse Mitchell acted as a state actor under color of law and within the scope of their employment.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.**

31.     At all times relevant, Nurse Practitioner Bruckner acted as a state actor under color of law and within the scope of their employment.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.**

32.    At all times relevant, Eileen Couture acted as a state actor under color of law and within the scope of their employment.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.**

33.    At all times relevant, Marlene Henze was the facility medical director for Joliet Treatment Center and Stateville Correctional Center.

**ANSWER:    Defendant admits that at certain times she was the medical director for Joliet Treatment Center and Stateville Correctional Center.**

34.    At all times relevant, Dr. Stathis Poulakidas was employed by Presence Central and Suburban Hospitals Network d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a AMITA Health Aurora.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34.**

35.    Presence Central and Suburban Hospitals Network is an Illinois not-for-profit corporation that has also done business as Ascension Mercy, Health Mercy Medical Center, AMITA Health Aurora. Reference to each and any of these entities, including AMITA Health Aurora, should be construed to include reference to the parent entity of Presence Central and Suburban Hospitals Network.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.**

36.    Mr. Lee received treatment from Dr. Stathis Poulakidas at AMITA Health Aurora,

a full-service hospital and medical center providing emergency, medical, laboratory, imaging, and surgical car and all associated care to the general public, including Mr. Lee.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.**

37. At all times relevant, Dr. Stathis Poulakidas acted as an agent or apparent agent and employee of Presence Central and Suburban Hospitals Network d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a AMITA Health Aurora.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.**

38. At all times relevant, Dr. Stathis Poulakidas acted within the scope of his employment at Presence Central and Suburban Hospitals Network d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a AMITA Health Aurora.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38.**

## IV. FACTUAL ALLEGATIONS

39. On February 25, 2023, Anthony set himself on fire in an act of self-harm.

**ANSWER:** **Defendant admits that Plaintiff set himself on fire. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 39.**

40. As a result of his self-immolation on February 25, 2023, Anthony suffered third-degree, circumferential burns to his leg.

**ANSWER:** **Defendant admits that Plaintiff's self-immolation caused the burns to his leg. Defendant lacks knowledge or information sufficient to form a belief about the truth of the**

**remaining allegations in paragraph 40.**

41.     After Anthony set himself on fire, a Wexford nurse notified Dr. Henze and Dr. Kucera of the incident.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.**

42.     Dr. Henze and Kucera both assessed Anthony's wounds on February 25, 2023.

**ANSWER:     Defendant denies the allegations in paragraph 42.**

43.     At the time that Dr. Henze and Dr. Kucera assessed Anthony's wounds on February 25, 2023, Anthony's burns were yellow in color and had blisters that were "bursting during reassessment of restraints."

**ANSWER:     Defendant denies that she personally assessed Plaintiff's wounds on February 25, 2023. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 43.**

44.     In response to Anthony's burns on February 25, 2023, Dr. Henze ordered Silvadene and directed the nurses to wrap the wound in soft, dry gauze dressing.

**ANSWER:     Defendant admits that based on what was reported to her on February 25, 2023, she ordered silver nitrate and told the nurses to wrap the wounds. Defendant denies the remaining allegations in paragraph 44.**

45.     Dr. Henze prescribed Tylenol to Anthony.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.**

46.     Dr. Henze did not prescribe any other medications to treat the pain associated with Anthony's burns.

**ANSWER:** **Defendant denies the allegations in paragraph 46.**

47. Dr. Henze ordered Anthony to be placed in four-point restraints in response to his act of setting himself on fire.

**ANSWER:** **Defendant denies the allegations in paragraph 47.**

48. Dr. Kucera ordered Anthony to be placed in four-point restraints in response to his act of setting himself on fire.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48.**

49. Anthony complained about the four-point restraints to a Wexford nurse because they were extremely painful due to his burn injuries.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49.**

50. The Wexford nurse called Dr. Kucera multiple times to request that she be permitted to remove Anthony's restraints.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.**

51. The Wexford nurse also called Dr. Henze multiple times to request that she be permitted to remove Anthony's restraints.

**ANSWER:** **Defendant denies the allegations in paragraph 51.**

52. Dr. Kucera advised the Wexford nurse that Anthony must remain in four-point restraints.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.**

53.     Dr. Henze also advised the Wexford nurse that Anthony must remain in four-point restraints.

**ANSWER:     Defendant denies the allegations in paragraph 53.**

54.     Illinois Department of Corrections policy 04.04.103 (hereinafter referred to as "the Restraint Policy") provides several restrictions on the use of restraints for mental health purposes, including the following:

> a.     Restraints for mental health purposes shall be applied under medical supervision and shall only be used when other, less restrictive measures have been found to be ineffective and to ensure the immediate physical safety of the individual in custody, staff member or others;
>
> b.     Restraints shall not be used as a disciplinary measure;
>
> c.     Restraint implementation shall be applied by order of a psychiatrist, or if a psychiatrist is not available, a physician, physician's assistant, nurse practitioner or a licensed clinical psychologist;"
>
> d.     The initial order for use of restraints shall not exceed four hours. Should subsequent orders become necessary, the time limit may be extended, but no subsequent order for restraint extension shall be valid for more than 16 hours beyond the termination of the initial order. If further restraint is required beyond the initial order and one extension, a new order shall be issued pursuant to the requirements provided herein and the Regional Mental Health Administrator shall be notified; and
>
> e.     Restraints shall be applied in a bed located in a crisis care area, or similar setting that is in view of staff. Immediately following the placement of an individual in custody in restraints for mental health purposes, medical staff shall conduct an examination of the individual in custody to ensure that: a) No injuries exist; b) Restraint equipment is not applied in a manner likely to result in injury; and c) There is no medical contraindication to maintaining the individual in custody in restraints.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 including subparagraphs a through e in paragraph 54.**

55.     Wexford staff are required to follow the policies of the Illinois Department of

Corrections, including the Restraint Policy.

**ANSWER:  Defendant admits that the Illinois Department of Corrections maintained certain policies. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 55.**

56.  Dr. Henze and Dr. Kucera authorized the use of restraints on Anthony despite his serious injury and the medical contraindication that restraints would further compromise circulation in a limb where circulation was already severely compromised.

**ANSWER:  Defendant denies the allegations in paragraph 56.**

57.  At all times relevant, Dr. Kucera had no training in the treatment of burn wounds.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.**

58.  At all times relevant, Dr. Kucera did not have any qualifications to direct the medical care of physical injury.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58.**

59.  At all times relevant, Dr. Kucera was a clinical psychologist, not a medical doctor.

**ANSWER:  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.**

60.  On February 26, 2023, Anthony exhibited the following symptoms:

a.  There were burn blisters on Anthony's lower right leg;

b.  Anthony was complaining of pain;

c.  Anthony's right foot was swollen;

    d.      Anthony had no sensation in his right leg;

    e.      Anthony's right shin was warm to the touch;

    f.      Anthony's right leg has palpable pulses;

    g.      There were blisters on Anthony's right shin;

    h.      Anthony's right leg was red, brown, and white in certain areas.

**ANSWER:**    **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, including subparagraphs a through h in paragraph 60.**

61.    Dr. Kucera and Dr. Henze were aware of the condition of Anthony's leg on February 26, 2023.

**ANSWER:**    **Defendant denies the allegations in paragraph 61.**

62.    Anthony's symptoms on February 26, 2023, are indicative of compartment syndrome.

**ANSWER:**    **Defendant denies the allegations in paragraph 62.**

63.    Compartment syndrome is a surgical emergency.

**ANSWER:**    **Defendant admits that under certain circumstances compartment syndrome can be a surgical emergency. Defendant denies that Plaintiff suffered from any injury that was considered a surgical emergency.**

64.    Upon learning of Anthony's condition on February 26, 2023, Dr. Henze and Dr. Kucera ordered that Anthony be kept in four-point restraints.

**ANSWER:**    **Defendant denies the allegations in paragraph 64.**

65.    Upon learning of Anthony's condition on February 26, 2023, Dr. Henze and Dr. Kucera failed to:

  a.  Allow Anthony movement outside of his restraint;

  b.  Order any therapeutic treatment for his symptoms;

  c.  Develop or implement any treatment plan to direct the treatment of Anthony's wounds;

  d.  Make any efforts to refer Anthony to a hospital;

  e.  Make any efforts to refer Anthony to a burn specialist;

  f.  Ensure that Anthony's circulation or vascular status was monitored;

  g.  Order Anthony's release from four-point restraints;

  h.  Make any effort to collaborate with other medical providers regarding Anthony's care;

  i.  Repeatedly assess the need for restraints;

  j.  Take any other reasonable steps to treat Anthony's wound.

**ANSWER: Defendant denies the allegations in paragraph 65, including the allegations in subparagraphs a through j in paragraph 65.**

66. Burn injuries tend to evolve and change such that close attention to their development is required to manage them.

**ANSWER: Defendant admits that certain burn injuries require medical management. Defendant denies that Plaintiff's burns were not properly managed. Defendant denies the remaining allegations of paragraph 66.**

67. Dr. Henze and Dr. Kucera knew that neither of them had qualifications or training in the treatment of serious burns yet directed the treatment and care of Anthony's wounds.

**ANSWER: Defendant denies the allegations in paragraph 67.**

68. Anthony's burn compromised blood flow to his leg.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the**

14

**truth of the allegations in paragraph 68.**

69.     Dr. Henze and Dr. Kucera knew that Anthony's burn would compromise blood flow to his leg.

**ANSWER:     Defendant denies the allegations in paragraph 69.**

70.     Dr. Henze and Dr. Kucera knew that the blood flow to Anthony's leg would be further compromised by keeping him in restraints.

**ANSWER:     Defendant denies the allegations in paragraph 70.**

71.     Dr. Henze and Dr. Kucera knew that Anthony's wounds would significantly worsen if not treated appropriately.

**ANSWER:     Defendant denies the allegations in paragraph 71.**

72.     Dr. Henze and Dr. Kucera's management of Anthony's burns, wounds, and restraints collectively and individually breached the standard of care.

**ANSWER:     Defendant denies the allegations in paragraph 72.**

73.     On February 27, 2023, Stateville Lieutenants Cruz and Powell released Anthony from four-point restraints without permission from Dr. Henze or Dr. Kucera because they recognized that the four-point restraints were cruel and unusual given Anthony's medical condition.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73.**

74.     On February 28, 2023, Dr. Henze finally referred Anthony to the hospital at Amita Health Aurora.

**ANSWER:     Defendant denies the allegations in paragraph 74.**

75.     By the time Anthony arrived at the hospital, he no longer had a pulse in his right

leg.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.**

76.     By the time Anthony arrived at the hospital, his treaters believed there was a high probability of imminent-life-threatening deterioration that could result in multi-organ failure.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76.**

77.     Soon after Anthony arrived at the hospital, he received an escharotomy, a surgical procedure that involves cutting through burned skin to relieve pressure and improve circulation.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.**

78.     Anthony's treating providers noted that Anthony's presentation to the hospital was delayed.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78.**

79.     Anthony's treaters at the hospital noted that "he has a high likelihood of loss of limb given the extent of injury and delay in presentation."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.**

80.     On March 1, 2023, Anthony received a skin graft on his right leg.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.**

> **A.** **Upon returning to Department of Corrections custody, Anthony developed an infection.**

**ANSWER:** **Defendant admits that Plaintiff developed an infection in the area where he was burned. Defendant Henze denies that the infection was caused by her conduct. Defendant denies the remaining allegations in this paragraph.**

81. Anthony was discharged from the hospital on March 16, 2023, at which time his skin graft and wounds were in good condition.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.**

82. In the afternoon of March 16, 2923, Anthony was transferred back to Stateville for care of his right leg burn and skin graft.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.**

83. On March 16, 2023, Anthony arrived at Stateville with his skin graft intact and without signs of infection.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 83.**

84. Upon returning to Stateville, Anthony required appropriate wound care treatment, including dressing changes and antibiotic ointments, to prevent the development of any infections.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 84.**

85. On March 23, 2023, Anthony's wound began to show signs of infection, including slough and a foul odor.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the**

truth of the allegations in paragraph 85.

86.     On March 24, 2023, Wexford staff believed that Anthony's skin graft was infected.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.**

87.     On March 24, 2023, Anthony's wound was, in fact, infected.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 87.**

88.     In response to the infection, Wexford Nurse Practitioner Brianna Orr prescribed one tablet of Augmentin 875/125 by mouth once per day.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.**

89.     No other treatments or medications were given to Anthony in response to the infection.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.**

90.     Wexford practitioners did not order a wound culture or refer Anthony to the hospital or specialist upon learning of his infection.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.**

91.     More than a week after Wexford staff learned of the infection, Anthony was transported to Arnita Health Aurora and seen by Dr. Shabirhusain Abadin, MD, at AMITA Medical Group.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the**

**truth of the allegations in paragraph 91.**

92.     Dr. Abadin removed Anthony's dressing and observed that Anthony's wound site was infected and not fully healing.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 92.**

93.     Dr. Abadin recommended that Anthony continue receiving antibiotics and scheduled him to return to AMITA Health Aurora for a three-month follow-up.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 93.**

94.     Anthony's 10-day Augmentin prescription elapsed on the same day that he saw Dr. Abadin.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94.**

95.     At the time his Augmentin prescription elapsed, Anthony's wound was still infected.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 95.**

96.     Contrary to Dr. Abadin's instruction, Anthony's Augmentin prescription was not re-ordered.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 96.**

        **B.**      **Wexford provided inadequate care and treatment of Anthony's infection, which had so severely deteriorated throughout the month of April 2023 to the point where the bone was exposed.**

**ANSWER:**   **Defendant Henze denies that she provided inadequate care or treatment to Plaintiff. Defendant Henze also denies that Plaintiff's condition deteriorated as a result of her conduct. Defendant denies the remaining allegations in this paragraph.**

97.     Upon returning to Stateville from his appointment with Dr. Abadin on April 3, 2023, Anthony did not receive any antibiotics until April 29, 2023.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97.**

98.     Throughout the month of April 2023, Anthony's wound continued to worsen.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 98.**

99.     Nurse McGladdery, Nurse Practitioner Bruckner, and Dr. Couture were responsible for Anthony's wound care and treatment.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 99.**

100.     Nurse McGladdery was responsible for evaluating Anthony's wound nearly every day between April 3, 2023, and May 5, 2023.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 100.**

101.     Nurse Practitioner Bruckner was responsible for evaluating Anthony's wound multiple times a week between April 3, 2023, and May 5, 2023.

**ANSWER:**   **Defendant lacks knowledge or information sufficient to form a belief about the**

truth of the allegations in paragraph 101.

102. Dr. Couture was responsible for evaluating Anthony's wound on a weekly basis between April 3, 2023, and May 5, 2023.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 102.**

103. Prior to their treatment of Anthony Lee, Nurse McGladdery and Nurse Practitioner Bruckner had never cared for or treated a burn or graft site wound.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 103.**

104. Nurse McGladdery, along with other Wexford practitioners, falsely noted that there were no signs of infection at Anthony's wound, even though they knew that the infection was worsening.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 104.**

105. By April 12, 2023, every Wexford medical provider responsible for Anthony's care knew that Anthony's graft had failed, his wound was severely infected and rapidly worsening, and that he needed to go to a hospital and/or burn specialist.

**ANSWER: Defendant Henze denies that she was aware that Plaintiff's skin graft had failed or that his wound was infected, and he needed to be seen at the hospital or at a burn specialist. Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 105 pertaining to what other medical providers knew or didn't know. Defendant Henze denies the remaining allegations in paragraph 105.**

106. Throughout the course of Anthony's care, Anthony repeatedly asked Wexford

staff for pain medication due to the excruciating pain at his wound site.

**ANSWER: Defendant Henze denies that Plaintiff regularly asked her for any pain medication. Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 106 pertaining to what other medical providers knew or didn't know. Defendant Henze denies the remaining allegations in paragraph 106.**

107. Throughout the course of Anthony's care, Nurse McGladdery repeatedly assured other medical providers that his wound was healing, even though he knew it was rapidly deteriorating.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 107.**

108. Prior to April 27, 2023, Nurse McGladdery, Nurse Practitioner Bruckner, Eileen Couture, and other Wexford staff became aware that Anthony's wound had deteriorated so severely that his bone was exposed and visible yet did not take reasonable and necessary steps to facilitate a referral to a hospital or specialist or otherwise adequately treat his infection.

**ANSWER: Defendant Henze denies that she was aware that Plaintiff's wound had deteriorated so severely that bone was exposed. Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 pertaining to what other medical providers knew or didn't know. Defendant Henze denies the remaining allegations in paragraph 108.**

109. On April 29, 2023, Anthony received a wound culture test and an Augmentin prescription.

**ANSWER: Defendant lacks knowledge or information sufficient to form a belief about**

the truth of the allegations in paragraph 109.

110. The results of the wound culture reflected that Anthony's wound was infected with three strains of bacteria, one of which is intrinsically resistant to Augmentin and two of which are likely resistant to Augmentin.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 110.**

111. After receiving the wound culture results, Nurse Practitioner Bruckner ordered Anthony to be placed on Gentamicin, an antibiotic.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 111.**

112. After consulting with Medical Director Henze, Nurse Practitioner Bruckner changed Anthony's medication regimen to Zosyn and Bactrim.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 112.**

113. Nurse Practitioner Bruckner also prescribed and administered non-steroidal anti-inflammatory injections between May 1, 2023, and May 5, 2023.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 113.**

114. Dr. Couture told Anthony that he should just take the antibiotics and "hold off" on the hospital because Wexford denied his authorization.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114.**

115. Throughout the month of April and the first week of May, Defendants continued to

administer treatment that they knew was ineffective instead of facilitating a referral to a hospital or specialist.

**ANSWER:     Defendant denies the allegations of paragraph 115.**

116.    Between April 4, 2023, and May 5, 2023, Nurse McGladdery repeatedly assured Anthony that his wound was healing, even though he knew it was rapidly deteriorating.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 116.**

117.    Nurse McGladdery admitted to Anthony that he and the other members of his care team knew his bone was showing well before they referred him to another provider. Nurse McGladdery admitted that the staff was trying to handle the issue themselves despite knowing Anthony's condition was worsening.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117.**

> **C.      When Anthony is referred to the hospital, Dr. Poulakidas performed an unnecessary above-the-knee amputation.**

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.**

118.    Anthony was finally transported to Amita Health Aurora on May 5, 2023. This was the first time he was sent to the hospital, a specialist, or outside provider in over a month.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118.**

119.    Anthony was evaluated by Dr. Stathis Poulakidis at Arnita Health Aurora, who determined that Anthony had a rejected graft, a wound on his lower right leg that had been "worsening," and exposed tibia bone.

24

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119.**

120.    When Anthony was evaluated by Dr. Poulakidis, Anthony's bone was infected.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120.**

121.    Depending on the severity, a bone infection can be treated by surgery or other methods such as antibiotics.

**ANSWER:    Defendant admits the allegations of paragraph 121.**

122.    Many bone infections can be successfully treated without surgery, especially when they occur in individuals who are in their 20s, such as Anthony.

**ANSWER:    Defendant admits that many bone infections can be treated without surgery. Defendant denies the remaining allegations in paragraph 122.**

123.    Dr. Poulakidas did not conduct a reasonable investigation into the condition of Anthony's leg, did not consult with a physician who specialized in plastic surgery, and did not order any imaging of Anthony's leg.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 123.**

124.    Dr. Poulakidas decided that Anthony's leg would likely need to be amputated by looking at pictures taken on his colleague's phone, prior to ever physically evaluating Anthony's leg himself.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 124.**

125.    Dr. Poulakidas also relied on these cell phone pictures to determine that Anthony's

infection was likely due to his own manipulation of the wound, but there was no evidence that Anthony had interfered with his wound. In fact, Anthony had not interfered with his wound.

**ANSWER:** **Defendant denies that Plaintiff had not interfered with his wound. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 125.**

126. When Dr. Poulakidas evaluated Anthony's bone, it demonstrated ulceration, which is contrary to the conclusion that the bone was entirely unsalvageable.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 126.**

127. Dr. Poulakidas advised Anthony that he would require an above-the knee amputation and did not attempt to treat Anthony with alternative treatments before deciding to amputate his leg.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127.**

128. There were other treatment options available to Dr. Poulakidas that could have prevented Anthony from losing his leg, but Dr. Poulakidas did not employ any of those treatment options. Anthony was a candidate for more conservative treatments that did not require the amputation of a limb.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 128.**

129. On May 6, 2023, Anthony had his leg amputated above the knee.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129.**

130.     Anthony's leg was more likely than not salvageable at the time Dr. Poulakidas decided to amputate it.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 130.**

131.     Anthony did not self-harm between the time that he received his skin graft and the time of his amputation.

**ANSWER:     Defendant denies the allegations in paragraph 131.**

132.     Anthony was compliant with his medication regimen between March 16, 2023, and the time of his amputation.

**ANSWER:     Defendant denies the allegations in paragraph 132.**

### COUNT I: 42 U.S.C. 1983
### Against Defendant Wexford Health Sources, Inc.

133.     Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:     Defendant restates and incorporates her answers in paragraph 1 through 132 as if fully stated herein.**

134.     At all relevant times, Plaintiff was incarcerated in the care, custody, and control of the State of Illinois.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze admits the allegations of paragraph 134.**

135.     At all relevant times, the State of Illinois had contracted Wexford to provide comprehensive medical services to inmates in the care, custody, and control of the State of Illinois's Department of Corrections (IDOC).

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If**

27

the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 135.

136. At all relevant times, Dr. Marlene Henze, Dr. Dianna Kucera, Nurse McGladdery, Nurse Practitioner Bruckner, and Eileen Couture were employed by and agents of Wexford and, pursuant to Wexford's contract with the State of Illinois, were acting under color of state law.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze admits that at certain times she was a physician employed by Wexford. Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 136.**

137. At all times relevant, Anthony was suffering from a serious medical condition.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 137.**

138. Anthony was deprived federal constitutional rights that is properly attributable to Wexford.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 138.**

139. Wexford employs general and/or family medicine providers, but does not employ specialists or surgeons, so Wexford must refer incarcerated patients to an external provider-such as a hospital-in order to provide specialty care.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 139.**

140    According to their contract with the State, Wexford's compensation by the State is reduced "by an amount equal to what the State pays out for Hospital Service once Billed Charges exceed the Annual Hospital Utilization Threshold."

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 140.**

141.    Wexford's contract with the State requires Wexford to pay the costs associated with referrals to external providers, such as a specialty care site or hospitals, once they exceed a particular threshold, thus economically incentivizing Wexford to keep as much medical care on State property as possible.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 141.**

142.    As a result of a class action lawsuit, *Lippert v. Jeffreys,* the State has been subject to a Consent Decree since May 9, 2019, regarding the provision of medical services by IDOC and Wexford.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks**

**knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 142.**

143.     The *Lippert v. Jeffreys* action resulted in the periodic evaluation of IDOC and Wexford policies, practices, and customs as they pertain to medical care by an independent monitor.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 143.**

144.     The Fifth Annual Report of the independent Lippert monitor was filed on August 9, 2022, and found the following:

      a.     IDOC had failed to address the eight recommendations made by the independent monitor in the preceding report regarding specialty care referrals.

      b.     "[D]elays and lack of coordination of care with specialists that resulted in significant morbidity and mortality."

      c.     "The lack of coordination of specialty care has been a problem for the duration of the Consent Decree and has been documented in multiple record reviews including in the mortality reviews in the appendix.

      d.     IDOC has not provided any information that these problems have been corrected or that they have been addressed in any way."

      e.     "The judgment of physicians with respect to sending patients for specialty referral and hospitalization is still not working to provide a safe and effective health program as evidenced in the Monitor's mortality reviews."

      f.     "Hospital physicians often provide recommendations but providers at IDOC prisons frequently fail to review these recommendations and modify the therapeutic plan based on the recommendations."

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If**

the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 144.

145.    The first four Annual Reports of the independent *Lippert* monitor cited similar deficiencies in the provision of medical care at IDOC facilities.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 145.**

146.    All Lippert monitor reports provided notice to IDOC and Wexford of their unconstitutional policies, practices, and procedures.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 146.**

147.    The Seventh Annual Report of the independent *Lippert* monitor was released on December 27, 2023, and found the following:

  a.    IDOC had not initiated an analysis of their specialty care in order to improve specialty care services;

  b.    One of the most substantial areas for opportunities for improvement identified in reviews of patients who dies in IDOC custody was specialty care;

  c.    "There were multiple [opportunities for improvement] related to physician oversight, physician availability, and failure to recognize or address significant signs and symptoms."

  d.    "The two major barriers holding back IDOC's progress toward compliance

with the Consent Decree and the resulting safe, effective, and respectful health care delivery system are staffing and the physical plant deficiencies."

 e. Approximately half the positions Wexford was responsible for providing were unfilled.

 f. "The state needs to radically change the recruitment and hiring process and expect the same from the contract vendor."

 g. "Access to specialty care, including diagnostic testing is still poor. Timeliness of specialty referral and follow up remains problematic and constituted one of the most frequent deficiencies identified in mortality reviews."

 h. "The absence of physician oversight and insufficient support staff contribute to delays and poor communication about patient treatment."

 i. "Reimbursement rates for specialty care providers appears to be a significant problem statewide and the state of Illinois needs to reexamine if the current method of reimbursement for offsite care is a barrier to access."

 j. One third of physician positions were vacant.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 147, including the allegations in subparagraphs (a) through (j).**

148.  All of these failures by IDOC that are referenced in the *Lippert* reports are substantially caused by the acts and omissions of Wexford.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 148.**

149.  As of December 27, 2023, 107 deaths in IDOC were reviewed by a mortality review group led by Southern Illinois University (SIU).

**ANSWER:   The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 149.**

150.    Of the 107 deaths the SIU mortality review team provided to the independent monitor, they found 899 "opportunities for improvement."

**ANSWER:   The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 150.**

151.    Nearly one fifth of the "opportunities for improvement" found by the SIU mortality review team related to specialty and hospital care, including failure to refer to specialty care or a hospital.

**ANSWER:   The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 151.**

152.    Nearly one third of the "opportunities for improvement" found by the SIU involved physician practice issues, including failure to timely refer to specialty care or hospital, failure to monitor or manage chronic illness or not managing consistent with standards of care, failure to order timely labs or tests, physician availability, failure to monitor medication management.

**ANSWER:   The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks**

**knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 152.**

153.    Management and treatment of a skin graft requires specialty care.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations of paragraph 153.**

154.    Management and treatment of a skin graft that shows signs of infection require specialty care.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations of paragraph 154.**

155.    Treatment of a skin graft that is failing or has failed requires specialty care.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations of paragraph 155.**

156.    Wexford providers were trained that inmates tend to lie about their symptoms in order to get permission to leave the prison facility, so providers should be skeptical of inmate's medical needs.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations of paragraph 156.**

157.    This training influenced how Wexford doctors assessed their patients and decided whether to provide outside referrals.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations of paragraph 157.**

158.    At all times relevant, Wexford implemented the following unconstitutional widespread practices and customs:

> a.    Medical providers delay incarcerated patients' access to adequate medical care, including evaluation by specialists;
>
> b.    Medical providers are discouraged, inhibited, disincentivized, and/or prevented from referring inmates to outside hospitals or specialists;
>
> c.    Medical providers attempt to treat medical conditions beyond their expertise in lieu of referring that incarcerated patient to the appropriate specialist;
>
> d.    Medical providers referring incarcerated patients to external providers, such as a specialty care site or hospital, only as a last resort, even when the needs of an incarcerated patient clearly exceed that which can be provided within an IDOC facility;
>
> e.    Follow-up appointments are routinely not scheduled or, when they are scheduled, do not occur;
>
> f.    When an inmate is sent to an outside provider, Wexford medical providers fail to follow their orders and recommendations;
>
> g.    Medical providers do not properly assess inmates' needs for medical care.
>
> h.    Medical providers do not properly engage with inmates to determine their medical needs;
>
> i.    IDOC facilities are routinely understaffed in the medical provider roles that Wexford is responsible for filling; and,
>
> j.    Medical providers assume that patients are lying about their symptoms.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations of paragraph 158 including the allegations in subparagraphs (a) through (j)**

35

**in paragraph 158.**

159.     Wexford's routine failure to timely refer patients to specialty care, facilitate referrals and follow-up appointments, provide necessary specialized care in their infirmary settings, and follow the orders of outside specialists have resulted in delayed treatment, poor outcomes, and unnecessary deaths, including the following:

a.     When a hospital recommended that an inmate, who had been hospitalized three times with heart failure, be seen by a cardiologist, Wexford did not refer him. The inmate was kept in the prison infirmary for nine days, where he developed pneumonia, went into shock, and fell and broke three ribs. On the ninth day, he was hospitalized, but he died two days later;

b.     A patient who needed immediate hospitalization for transfusion and diagnostic evaluation due to a life-threatening hemoglobin level was prescribed iron therapy and repeat blood county by a Wexford provider and was not followed up with for an entire year. After he finally was hospitalized and referred to oncology, his plan for surgery and oncologist recommendations were not followed by the prison facility. His condition deteriorated, and he should have been admitted to a specialized nursing unit instead of the prison infirmary. He ultimately died in prison with very little physician oversight in the last few days of his life;

c.     A patient who had a cardioversion was recommended to return to his specialty provider in one month, but the referral was never made; and

d.     A patient had a cardiology appointment with an outside provider, but the consult was not reviewed by any Wexford provider for fifteen days, and the Wexford provider never followed Up with the patient.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations of paragraph 159 including the allegations in subparagraphs (a) through (d) in paragraph 159.**

160.     As a result of these policies, procedures, and customs, Anthony Lee suffered painful injuries for which he was not timely referred to the appropriate specialist and ultimately lost a limb.

36

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 160.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Wexford Health Sources, Inc. for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:** **Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.**

## COUNT II: 42 U.S.C. 1983
### Against Defendant Dr. Marlene Henze

161.    Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:** **Defendant restates and incorporates her answers in paragraph 1 through 160 as if fully stated herein.**

162.    Dr. Henze, in addition to being one of Anthony's treating providers at Joliet Treatment Center, was also, at all relevant times, the Facility Medical Director at Stateville Correctional Center and Joliet Treatment Center.

**ANSWER:** **Defendant admits that at certain times she treated Plaintiff at Joliet Treatment Center. Defendant also admits that at certain times she was the medical director at Stateville and Joliet Treatment Center.**

163.    As Facility Medical Director, Dr. Henze had the authority to refer an inmate in Stateville Correctional Center and Joliet Treatment Center to an outside hospital.

**ANSWER: Defendant admits that at certain times she had the authority to recommend treatment at an outside hospital for inmates at Stateville Correctional Center and Joliet Treatment Center. Defendant denies the remaining allegations in paragraph 163.**

164. At all relevant times, Anthony had a serious medical need that carried risks of permanent, serious impairment if left untreated.

**ANSWER: Defendant denies the allegations in paragraph 164.**

165. Dr. Henze knew that Anthony had a serious medical need that carried risks of permanent, serious impairment if left untreated.

**ANSWER: Defendant denies the allegations in paragraph 165.**

166. Dr. Henze was deliberately indifferent to Anthony's serious medical need.

**ANSWER: Defendant denies the allegations in paragraph 166.**

167. Dr. Henze recklessly disregarded Anthony's serious medical needs.

**ANSWER: Defendant denies the allegations in paragraph 167.**

168. Dr. Henze intended to deprive Anthony of necessary treatment for his serious medical needs.

**ANSWER: Defendant denies the allegations in paragraph 168.**

169. Dr. Henze withheld medical care from Anthony such that he endured needless pain and suffering.

**ANSWER: Defendant denies the allegations in paragraph 169.**

170. Dr. Henze's treatment of Anthony was highly unreasonable and a gross departure from ordinary care in this situation in which a high degree of danger is readily apparent.

**ANSWER: Defendant denies the allegations in paragraph 170.**

171. No minimally competent professional would have responded to Anthony's medical

38

condition under those circumstances in the way that Dr. Henze did.

**ANSWER:     Defendant denies the allegations in paragraph 171.**

172.     Dr. Henze failed to conform to basic standards of medical care.

**ANSWER:     Defendant denies the allegations in paragraph 172.**

173.     Dr. Henze's "treatment decisions" were a substantial departure from accepted professional judgment, practice and standards, demonstrating that she did not rely on such judgment.

**ANSWER:     Defendant denies the allegations in paragraph 173.**

174.     Dr. Henze persisted in a course of treatment known to be ineffective.

**ANSWER:     Defendant denies the allegations in paragraph 174.**

175.     Dr. Henze chose easier and less efficacious treatments without exercising sound and reasonable professional judgment.

**ANSWER:     Defendant denies the allegations in paragraph 175.**

176.     Dr. Henze's conduct contributed to an inexplicable delay in treatment that served no legitimate penological interest.

**ANSWER:     Defendant denies the allegations in paragraph 176.**

177.     Dr. Henze's deliberate indifference directly and proximately caused Anthony's injuries.

**ANSWER:     Defendant denies the allegations in paragraph 177.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Marlene Henze for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:     Defendant denies that Plaintiff is entitled to judgment in his favor against all**

defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.

**COUNT III: 42 U.S.C. 1983**
**Against Defendant Dr. Dianna Kucera**

178.    Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:    Defendant restates and incorporates her answers to paragraphs 1-177 as if fully stated herein.**

179.    At all relevant times, Anthony had a serious medical need that carried risks of permanent, serious impairment if left untreated.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 179.**

180.    Dr. Kucera knew that Anthony had a serious medical need that carried risks of permanent, serious impairment if left untreated.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 180.**

181.    Dr. Kucera was deliberately indifferent to Anthony's serious medical need.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in**

**paragraph 181.**

182.    Dr. Kucera recklessly disregarded Anthony's serious medical needs.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182.**

183.    Dr. Kucera intended to deprive Anthony of necessary treatment for his serious medical needs.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 183.**

184.    Dr. Kucera withheld medical care from Anthony such that he endured needless pain and suffering.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184.**

185.    Dr. Kucera's treatment of Anthony was highly unreasonable and a gross departure from ordinary care in this situation in which a high degree of danger is readily apparent.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 185.**

186.    No minimally competent professional would have responded to Anthony's medical condition under those circumstances in the way that Dr. Henze did.

**ANSWER:    Defendant denies the allegations in paragraph 186.**

187.    Dr. Kucera failed to conform to basic standards of medical care.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 187.**

188.    Dr. Kucera's "treatment decisions" were a substantial departure from accepted professional judgment, practice and standards, demonstrating that she did not rely on such judgment.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 188.**

189.    Dr. Kucera persisted in a course of treatment known to be ineffective.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 189.**

190.    Dr. Kucera chose easier and less efficacious treatments without exercising sound or reasonable professional judgment.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks**

**knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 190.**

191.    Dr. Kucera's conduct contributed to an inexplicable delay in treatment that served no legitimate penological interest.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 191.**

192.    Dr. Kucera's deliberate indifference directly and proximately caused Anthony's injuries.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 192.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Dianna Kucera for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:    Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.**

## COUNT IV: 42 U.S.C. 1983
## Against Defendant Nurse Mitchell McGladdery

193.    Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:    Defendant restates and incorporates her answers to paragraphs 1 through 192 as if fully stated herein.**

194.    At all relevant times, Anthony had a serious medical need that carried risks of permanent, serious impairment if left untreated.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 194.**

195.    McGladdery knew that Anthony had a serious medical need that carried risks of permanent, serious impairment if left untreated.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 195.**

196.    McGladdery was deliberately indifferent to Anthony's serious medical need.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 196.**

197.    McGladdery recklessly disregarded Anthony's serious medical needs.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks**

**knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 197.**

198.    McGladdery intended to deprive Anthony of necessary treatment for his serious medical needs.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 198.**

199.    McGladdery withheld medical care from Anthony such that he endured needless pain and suffering.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 199.**

200.    McGladdery's treatment of Anthony was highly unreasonable and a gross departure from ordinary care in this situation in which a high degree of danger is readily apparent.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 200.**

201.    No minimally competent professional would have responded to Anthony's medical condition under those circumstances in the way that Dr. Henze did.

**ANSWER:    Defendant denies the allegations in paragraph 201.**

202.    McGladdery failed to conform to basic standards of medical care.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 202.**

203. McGladdery's "treatment decisions" were a substantial departure from accepted professional judgment, practice, and standards.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 203.**

204. McGladdery persisted in a course of treatment known to be ineffective.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 204.**

205. McGladdery chose easier and less efficacious treatments without exercising sound professional judgment.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 205.**

206. McGladdery's conducted contributed to an inexplicable delay in treatment that served no legitimate penological interest.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks**

knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 206.

207. McGladdery's deliberate indifference directly and proximately caused Anthony's injuries.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 207.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Mitchell McGladdery for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER: Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.**

### COUNT V: 42 U.S.C. 1983
### Against Defendant Nurse Practitioner Bruckner

208. Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER: Defendant restates and incorporates her answers to paragraphs 1 through 207 as if fully stated herein.**

209. At all relevant times, Anthony had a serious medical need that carried risks of permanent, serious impairment if left untreated.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If**

the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 209.

210.     Bruckner knew that Anthony had a serious medical need that carried risks of permanent, serious impairment if left untreated.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 210.**

211.     Bruckner was deliberately indifferent to Anthony's serious medical need.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 211.**

212.     Bruckner recklessly disregarded Anthony's serious medical needs.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 212.**

213.     Bruckner intended to deprive Anthony of necessary treatment for his serious medical needs.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in**

paragraph 213.

214.    Bruckner withheld medical care from Anthony such that he endured needless pain and suffering.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 214.**

215.    Bruckner's treatment of Anthony was highly unreasonable and a gross departure from ordinary care in this situation in which a high degree of danger is readily apparent.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 215.**

216.    No minimally competent professional would have responded to Anthony's medical condition under those circumstances in the way that Bruckner did.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant denies the allegations in paragraph 216.**

217.    Bruckner failed to conform to basic standards of medical care.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 217.**

218.    Bruckner "treatment decisions" were a substantial departure from accepted

professional judgment, practice and standards, demonstrating that she did not rely on such judgment.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 218.**

219. Bruckner persisted in a course of treatment known to be ineffective.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 219.**

220. Bruckner chose easier and less efficacious treatments without exercising sound and reasonable professional judgment.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 220.**

221. Bruckner's conduct contributed to an inexplicable delay in treatment that served no legitimate penological interest.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 221.**

222. Bruckner's deliberate indifference directly and proximately caused Anthony's

injuries.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 222.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Helen Bruckner for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:     Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.**

## COUNT VI: 42 U.S.C. 1983
### Against Defendant Dr. Eileen Couture

223.    Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:     Defendant restates and incorporates her answers to paragraphs 1 through 222 as if fully stated herein.**

224.    At all relevant times, Anthony had a serious medical need that carried risks of permanent, serious impairment if left untreated.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 224.**

225.    Dr. Couture knew that Anthony had a serious medical need that carried risks of

51

permanent, serious impairment if left untreated.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 225.**

226.    Dr. Couture was deliberately indifferent to Anthony's serious medical need.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 226.**

227.    Dr. Couture recklessly disregarded Anthony's serious medical needs.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 227.**

228.    Dr. Couture intended to deprive Anthony of necessary treatment for his serious medical needs.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 228.**

229.    Dr. Couture withheld medical care from Anthony such that he endured needless pain and suffering.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 229.**

230.    Dr. Couture's treatment of Anthony was highly unreasonable and a gross departure from ordinary care in this situation in which a high degree of danger is readily apparent.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 230.**

231.    No minimally competent professional would have responded to Anthony's medical condition under those circumstances in the way that Dr. Couture did.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 231.**

232.    Dr. Couture failed to conform to basic standards of medical care.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 232.**

233.    Dr. Couture "treatment decisions" were a substantial departure from accepted professional judgment, practice and standards.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 233.**

234.    Dr. Couture persisted in a course of treatment known to be ineffective.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 234.**

235.    Dr. Couture chose easier and less efficacious treatments without exercising sound and reasonable professional judgment.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 235.**

236.    Dr. Couture's conduct contributed to an inexplicable delay in treatment that served no legitimate penological interest.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 236.**

237.    Dr. Couture's deliberate indifference directly and proximately caused Anthony's injuries.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 237.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Eileen Couture for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:** **Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.**

### COUNT VII: Medical Malpractice, Negligence, Respondeat Superior
### Against Defendant Wexford Health Sources, Inc.

238. Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:** **Defendant restates and incorporates her answers to paragraphs 1 through 237 as if fully stated herein.**

239. At all relevant times, Wexford owed Anthony Lee a duty of reasonable medical care.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 239.**

240. Wexford, by and through its agents and employees, breached its duty to provide reasonable medical care to Anthony Lee.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies that she breached any duty owed to Plaintiff. Defendant denies the remaining allegations in**

paragraph 240.

241.    The Wexford employees and/or agents responsible for caring for Anthony's skin graft, including Dr. Henze, Dr. Kucera, Nurse McGladdery, Nurse Practitioner Bruckner, and Dr. Couture breached their duty of care, were negligent, and consciously disregarded Anthony's safety.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies that she breached any duty owed to Plaintiff. Defendant denies the remaining allegations in paragraph 241.**

242.    As a result of Wexford employees and/or agents' negligent acts and omissions, Anthony suffered unnecessary and prolonged pain and ultimately lost a limb.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies that she was negligent. Defendant denies the remaining allegations in paragraph 242.**

243.    Attached to the Complaint as a Declaration is the Affidavit of the Attorney and the Health Professional's Report filed pursuant to 735ILCS 5/2-622(a)(2).

**ANSWER:    Defendant denies the allegations contained in the declaration and attorney's affidavit and denies the allegations and opinions in the Health Professional's Report and incorporated in paragraph 243.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Wexford for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:    Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant**

denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.

### COUNT VIII: Medical Malpractice, Negligence
### Against Defendant Dr. Marlene Henze

244.     Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:     Defendant restates and incorporates her answers to paragraphs 1 through 243 as if stated fully herein.**

245.     At all relevant times, Dr. Henze owed Anthony Lee a duty to provide him with reasonable medical care.

**ANSWER:     Defendant admits only those duties required under Illinois law but denies that Plaintiff has accurately stated those duties. Defendant admits that she provided reasonable medical care to Plaintiff. Defendant denies the remaining allegations of paragraph 245.**

246.     Dr. Henze breached her duty to provide reasonable medical care to Anthony Lee.

**ANSWER:     Defendant denies the allegations in paragraph 246.**

247.     Dr. Henze breached her duty of care to Anthony and was negligent.

**ANSWER:     Defendant denies the allegations in paragraph 247.**

248.     As a result of Dr. Henze's negligent acts and omissions, Wexford employees and/or agents Anthony suffered unnecessary and prolonged pain and ultimately lost a limb.

**ANSWER:     Defendant denies the allegations in paragraph 248.**

249.     Attached to the Complaint as a Declaration is the Affidavit of the Attorney and the Health Professional's Report filed pursuant to 735 ILCS 5/2-622(a)(2).

**ANSWER:     Defendant denies the allegations contained in the declaration and attorney's affidavit and denies the allegations and opinions in the Health Professional's Report and**

incorporated in paragraph 249.

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Henze for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:** **Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.**

**COUNT IX**: Medical Malpractice, Negligence
**Against Defendant Dr. Dianna Kucera**

250.    Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:** **Defendant restates and incorporates her answers to paragraphs 1 through 249 as if fully stated herein.**

251.    At all relevant times, Dr. Kucera owed Anthony Lee a duty to provide him with reasonable medical care.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 251.**

252.    Dr. Kucera breached their duty to provide reasonable medical care to Anthony Lee.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in**

paragraph 252.

253.     Dr. Henze breached her duty of care to Anthony and was negligent.

**ANSWER:     The allegations of This Count are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze denies the allegations in paragraph 253.**

254.     As a result of Dr. Kucera's negligent acts and omissions, Anthony suffered unnecessary and prolonged pain and ultimately lost a limb.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 254.**

255.     Attached to the Complaint as a Declaration is the Affidavit of the Attorney and the Health Professional's Report filed pursuant to 735 ILCS 5/2-622(a)(2).

**ANSWER:     Defendant denies the allegations contained in the declaration and attorney's affidavit and denies the allegations and opinions in the Health Professional's Report and incorporated in paragraph 255.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Kucera for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:     Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the**

**remaining allegations of this paragraph.**

### COUNT X: Medical Malpractice, Negligence
### Against Defendant Nurse Mitchell McGladdery

256. Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:** **Defendant restates and incorporates her answers to paragraphs 1 through 255 as if fully stated herein.**

257. At all relevant times, Nurse McGladdery owed Anthony Lee a duty to provide him with reasonable medical care.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 257.**

258. Nurse McGladdery breached their duty to provide reasonable medical care to Anthony Lee.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 258.**

259. Nurse McGladdery breached her duty of care to Anthony and was negligent.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 259.**

260. As a result of Nurse McGladdery's negligent acts and omissions, Anthony suffered

unnecessary and prolonged pain and ultimately lost a limb.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 260.**

261. Attached to the Complaint as a Declaration is the Affidavit of the Attorney and the Health Professional's Report filed pursuant to 735 ILCS 5/2-622(a)(2).

**ANSWER:** **Defendant denies the allegations contained in the declaration and attorney's affidavit and denies the allegations and opinions in the Health Professional's Report and incorporated in paragraph 261.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant McGladdery for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:** **Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph**

### COUNT XI: Medical Malpractice, Negligence
### Against Defendant Nurse Practititoner (sic) Helen Bruckner

262. Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:** **Defendant restates and incorporates her answers to paragraphs 1 through 261 as if fully stated herein.**

263. At all relevant times, Nurse Practitioner Bruckner owed Anthony Lee a duty to

provide him with reasonable medical care.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 263.**

264. Nurse Practitioner Bruckner breached their duty to provide reasonable medical care to Anthony Lee.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 264.**

265. Nurse Practitioner Bruckner breached her duty of care to Anthony and was negligent.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 265.**

266. As a result of Nurse Practitioner Bruckner's negligent acts and omissions, Anthony suffered unnecessary and prolonged pain and ultimately lost a limb.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 266.**

267.    Attached to the Complaint as a Declaration is the Affidavit of the Attorney and the Health Professional's Report filed pursuant to 735 ILCS 5/2-622(a)(2).

**ANSWER:    Defendant denies the allegations contained in the declaration and attorney's affidavit and denies the allegations and opinions in the Health Professional's Report and incorporated in paragraph 267.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Bruckner for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:    Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.**

### COUNT XII: Medical Malpractice, Negligence
### Against Defendant Dr. Eileen Couture

268.    Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:    Defendant restates and incorporates her answers to paragraphs 1 through 267 as if fully stated herein.**

269.    At all relevant times, Dr. Couture owed Anthony Lee a duty to provide reasonable medical care.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 269.**

270.     Dr. Couture breached their duty to provide reasonable medical care to Anthony Lee.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 270.**

271.     Dr. Couture breached her duty of care to Anthony and was negligent.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 271.**

272.     As a result of Dr. Couture's negligent acts and omissions, Anthony suffered unnecessary and prolonged pain and ultimately lost a limb.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 272.**

273.     Attached to the Complaint as a Declaration is the Affidavit of the Attorney and the Health Professional's Report filed pursuant to 735 ILCS 5/2-622(a)(2).

**ANSWER:     Defendant denies the allegations contained in the declaration and attorney's affidavit and denies the allegations and opinions in the Health Professional's Report and incorporated in paragraph 273.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Couture for

damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:** **Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.**

**COUNT XIII: Medical Malpractice, Negligence**
**Against Defendant Dr. Stathis Poulakidas**

274.    Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER:** **Defendant restates and incorporates her answers to paragraphs 1 through 273 as if fully stated herein.**

275.    At all relevant times, Dr. Poulakidas owed Anthony Lee a duty to provide him with reasonable medical care.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 275.**

276.    Dr. Poulakidas breached his duty to provide reasonable medical care to Anthony Lee.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 276.**

277. Dr. Poulakidas was negligent.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 277.**

278. As a result of Dr. Poulakidas's negligent acts and omissions, Wexford employees and/or agents Anthony suffered unnecessary and prolonged pain and ultimately lost a limb.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 278.**

279. Attached to the Complaint as a Declaration is the Affidavit of the Attorney and the Health Professional's Report filed pursuant to 735 ILCS 5/2-622(a)(2).

**ANSWER: Defendant denies the allegations contained in the declaration and attorney's affidavit and denies the allegations and opinions in the Health Professional's Report and incorporated in paragraph 279.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Poulakidas for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER: Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the**

remaining allegations of this paragraph.

**COUNT XIV: Medical Malpractice, Negligence, Respondeat Superior Against Defendant Presence Central and Suburban Hospitals Network, an Illinois not-for-profit corporation d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a AMITA Health Aurora, also d/b/a Prime Healthcare Services, Inc. a/k/a Prime Healthcare d/b/a Mercy Medical Center**

280. Each paragraph of this complaint is incorporated as if fully restated here.

**ANSWER: Defendant restates and incorporates her answers to paragraphs 1 through 279 as if fully stated herein.**

281. At all relevant times, AMA, by and through its agents, owed Anthony Lee a duty of reasonable medical care.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 281.**

282. AMA, by and through its agents and employees, breached its duty to provide reasonable medical care to Anthony Lee.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 282.**

283. The AMA employees and/or agents responsible for caring for Anthony's skin graft, wound, and infection, including Dr. Poulakidas, breached their duty of care, were negligent, and consciously disregarded Anthony's safety.

**ANSWER: The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks**

knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 283.

284.    Prime Healthcare Services, Inc., purchased AMITA Health Mercy Medical Center a/k/a Amita Health Aurora, a hospital facility at 1325 N Highland Ave, Aurora, IL 60506, on March 1, 2025. The facility is now called Mercy Medical Center.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 284.**

285.    Upon information and belief, Prime Healthcare Services, Inc. a/k/a Prime Healthcare d/b/a Mercy Medical Center assumed care of the patients at 1325 N Highland Ave, Aurora, IL 60506.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 285.**

286.    Upon the purchase of the facility, Prime Healthcare Services, Inc. a/k/a Prime Healthcare d/b/a Mercy Medical Center maintains a principal place of business continued to be 1325 N Highland Ave, Aurora, IL 60506.

**ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 286.**

287. Upon information and belief, Prime Healthcare Services, Inc. a/k/a Prime Healthcare d/b/a Mercy Medical Center retained the same nursing staff previously employed by Presence Central and Suburban Hospitals Network d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a AMITA Health Aurora.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 287.**

288. When Aliya of Palos Park assumed care of the patients at 1325 N Highland Ave, Aurora, IL 60506, Anthony Lee's nurses and doctors did not change.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 288.**

289. When Prime assumed care of the patients at 1325 N Highland Ave, Aurora, IL 60506, Anthony Lee's medical chart continued to be housed by the same electronic records system.

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 289.**

290. Upon information and belief, Prime assumed some or all liabilities of its predecessor Presence Central and Suburban Hospitals Network, an Illinois not-for- profit corporation d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a

AMITA Health Aurora.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 290.**

291.    Since the sale of the facility, and at all times relevant, Defendant Prime has been involved in the same business as its predecessor, which is to provide long- term nursing services to elderly and disabled patients.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 291.**

292.    By purchasing the same business, Prime expressly or impliedly agreed to assume liabilities of Presence Central and Suburban Hospitals Network, an Illinois not-for-profit corporation d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a AMITA Health Aurora.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 292.**

293.    As described above, during Anthony Lee's treatment at 1325 N Highland Ave, Aurora, IL 60506 he underwent unnecessary amputation surgery of his leg.

**ANSWER:     The allegations of this paragraph are not directed against this Defendant. If**

the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 293.

294.    As the successor to Presence Central and Suburban Hospitals Network, an Illinois not-for-profit corporation d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a AMITA Health Aurora, Defendant Prime is liable to Plaintiff for the debts and liabilities of its predecessors, including any and all judgments rendered against its predecessors related to Anthony Lee's injuries described in this complaint.

ANSWER:    The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 294.

295.    Attached to the Complaint as a Declaration is the Affidavit of the Attorney and the Health Professional's Report filed pursuant to 735 ILCS 5/2-622(a)(2).

ANSWER:    Defendant denies the allegations contained in the declaration and attorney's affidavit and denies the allegations and opinions in the Health Professional's Report and incorporated in paragraph 295.

296.    As a result of Defendant Presence Central and Suburban Hospitals Network, an Illinois not-for-profit corporation d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a AMITA Health Aurora's employees and/or agents' negligent acts and omissions, Anthony suffered unnecessary and prolonged pain and ultimately lost a limb. Attached to the Complaint is the Affidavit of the Attorney and the Health Professional's Report filed pursuant to 735 ILCS 5/2-622(a)(2).

**ANSWER:** **The allegations of this paragraph are not directed against this Defendant. If the allegations of this paragraph are directed at this Defendant, then Defendant Henze lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 296. Defendant denies the allegations contained in the declaration and attorney's affidavit and denies the allegations and opinions in the Health Professional's Report and incorporated in paragraph 296.**

WHEREFORE, Plaintiff, Anthony Lee, demands judgment against Defendant Defendant Presence Central and Suburban Hospitals Network, an Illinois not-for-profit corporation d/b/a Ascension Mercy, and also d/b/a AMITA Health Mercy Medical Center, a/k/a AMITA Health Aurora, also d/b/a Prime Healthcare Services, Inc. a/k/a Prime Healthcare d/b/a Mercy Medical Center, for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

**ANSWER:** **Defendant denies that Plaintiff is entitled to judgment in his favor against all defendants on each Count. Defendant denies that Plaintiff is entitled to damages. Defendant denies that Plaintiff is entitled to disbursements, attorney's fees and costs, and interest. Defendant denies that Plaintiff is entitled to other and further relief. Defendant denies the remaining allegations of this paragraph.**

## GENERAL DENIAL

Defendant, MARLENE HENZE makes a general denial to all the allegations in Plaintiff's Second Amended Complaint (ECF 50) not expressly denied above.

## JURY DEMAND

Defendant, MARLENE HENZE demands a trial by jury.

## **AFFIRMATIVE DEFENSES**

Without prejudice to the denials of the allegations contained in Plaintiff's Second Amended Complaint, and without waiving the obligations of Plaintiff to prove every factual element of his claims, Defendant, MARLENE HENZE states as and for her Affirmative Defenses as follows:

## I.    Qualified Immunity

1.    At all times relevant herein, the Defendant acted in good faith in the performance of her official duties and without violating the Plaintiff's statutory or constitutional rights of which a reasonable person would have known. Therefore, the doctrine of qualified immunity protects this Defendant from this lawsuit. "Qualified immunity shields [officials] from civil damages liability so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated. *Leaf v. Shelnutt*, 400 F.3d 1070, 1079-80 (7th Cir. 2005). The protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

2.    The United States Supreme Court regards as beneficial, the two-step sequence for resolving government officials' immunity claims articulated in *Saucier v. Katz*, 533 U.S. 194, 200 (2001); *see also Pearson*, 555 U.S. at 236 ("Although we now hold that the Saucier protocol should not be regarded as mandatory in all cases, we continue to recognize that it is often beneficial…"). First, a court must decide whether the facts, as alleged by the plaintiff, make out a violation of a constitutional right. *Id.* at 232. Second, the court must decide whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Id.* In order to show that the right was clearly established, the plaintiff must show that the defendant's "violation [of the constitutional right] was so clear that an official would realize he or she was violating an inmate's constitutional rights." *Borello v. Allison*, 446 F.3d 742, 750 (7th Cir. 2006).

3.     The Plaintiff's Second Amended Complaint alleges that Defendants provided medical care and treatment to the decedent while he was incarcerated at a state-run prison.  At no time did any Defendant render medical care that was so clearly a violation of the decedent's constitutional rights that the Defendant would realize he or she was providing medical care tantamount to cruel and unusual punishment.  Thus, the doctrine of qualified immunity applies and shields these Defendants from this litigation.

4.     The Defendant further recognizes that the Seventh Circuit has suggested, in dicta, that qualified immunity is not available to private medical in state-run prisons.  *See Petties v. Carter*, 836 F.3d 722, 733-34 (7th Cir. 2016).  However, the United States Supreme Court's decision in *Filarsky v. Delia* controls and establishes that immunity is available to a government's private contractors who are performing jobs that, otherwise, would be performed by state agents, who unquestionably could assert qualified immunity.

5.     In *Filarsky*, the Supreme Court, unanimously, held that a private attorney hired by a municipality to perform a task was entitled to claim qualified immunity.  *Filarsky v. Delia*, 566 U.S. 377, 390 (2012) ("Affording immunity not only to public employees but also to others acting on behalf of the government similarly serves to 'ensure that talented candidates are not deterred by the threat of damages suits from entering public service.'") (internal marks omitted.)

6.     Other circuits follow *Filarsky* and apply qualified immunity to private medical providers working in state-run prisons.  In a decision handed down after *Petties*, the Tenth Circuit Court of Appeals found that *Filarsky* controlled and applied qualified immunity to a private doctor working in a state prison.  *Estate of Lockett v. Fallin*, 841 F.3d 1098, 1108-09 (10th Cir. 2016) ("Dr. Doe stands in the same position as the attorney in *Filarsky* – he was a private party hired to do a job for which a permanent government employee would have received qualified immunity.

Thus, we conclude that qualified immunity applies to Dr. Doe.").

7. The Supreme Court's *Filarsky* decision combined with the case law of other Courts of Appeal establish that qualified immunity applies to private medical providers performing medical services in a state-run prison. Thus, Defendants have a non-frivolous argument for extending, modifying, or reversing existing law in this Circuit.

## II. Official Capacity Claim Barred

1. To the extent that Plaintiff's claims are against Defendant in her official capacity, such claims are barred by the Eleventh Amendment.

## III. Injunctive Relief Barred

1. To the extent that Plaintiff is suing the Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, his requests for such relief are barred by the Eleventh Amendment and the Prison Litigation Reform Act.

## IV. Failure to Exhaust Administrative Remedies

1. Plaintiff has failed to exhaust his administrative remedies prior to the initiation of this cause of action. As a result, Plaintiff's claims are barred by the Prison Litigation Reform Act.

2. Plaintiff failed to contact his counselor prior to filing his grievance.

3. Plaintiff failed to timely submit his grievance to a grievance officer after he knew or should have known of a medical grievance regarding the treatment of his burns and resulting wounds.

4. Plaintiff failed to timely and properly appeal any alleged grievance to the Administrative Review Board.

5.      Plaintiff has failed to properly exhaust his administrative remedies under the Prison Litigation Reform Act and corresponding Illinois Statutes and Codes. Therefore, Plaintiff's Second Amended Complaint must be dismissed for failure to properly exhaust his administrative remedies.

## V.      Statute of Limitations

1.      To the extent that Plaintiff's claims are barred by the statute of limitations, they should be dismissed.

## VI.      Compensatory Damages Barred

1.      To the extent that Plaintiff is suing the Defendant for compensatory damages for mental or emotional injury suffered without a prior showing of physical injury, his claim is barred by the Prison Litigation Reform Act.

## VII.      Sole Proximate Cause

1.      The sole proximate cause of Plaintiff's burn injuries was Plaintiff's own deliberate and intentional act of setting himself on fire.

2.      The sole proximate cause of Plaintiff's right leg above the knee amputations was Plaintiff's failure to follow the medical advice of his providers in keeping his wounds free from infection, contamination, and further self-injury.

3.      Plaintiff had a duty to follow reasonable medical advice and recommendations provided to him by medical staff for the treatment and management of his claimed conditions.

4       Plaintiff failed to exercise reasonable care and failed to follow the reasonable medical advice and recommendations provided to him by medical staff for the treatment and management of his claimed conditions.

5.      Plaintiff's own actions resulted in a continuous course of negligent infliction of his claimed injuries and were the sole proximate cause of any alleged injuries which are claimed in

his Second Amended Complaint and, therefore, this Defendant is not liable to the Plaintiff for the claims asserted herein.

## VIII.    Mootness

1.      To the extent that Plaintiff is suing the Defendant for declaratory relief or injunctive relief not intended to address ongoing violations, his claim is moot.

## IX.    Res Judicata

1.      To the extent Plaintiff has previously litigated the same issues in a prior action that are now involved in this lawsuit, Plaintiff's suit is barred by the doctrine of res judicata.

## X.    Contributory Negligence

1.      Without prejudice to her answers and denials as articulated in the answer of Defendant, MARLENE HENZE, to the Second Amended Complaint, (said answer is incorporated and adopted herein by reference), she pleads in the alternative.

2.      Plaintiff, ANTHONY LEE was sentenced to 30 years of prison stemming from his conviction for armed robbery. On information and belief, he was housed at Joliet Treatment Center (hereinafter "JTC") in or about February 2023.

3.      On or about February 25, 2023, Plaintiff, ANTHONY LEE lit himself on fire.

4.      As a result of Plaintiff's ANTHONY LEE's own actions in lighting himself on fire, he suffered burns on his right calf.

5.      At all times relevant, Plaintiff, ANTHONY LEE received adequate, reasonable and standard of care medical treatment at Stateville.

6.      While being treated at Stateville Correctional Center (hereinafter "Stateville") for his self-inflicted burn injuries, Plaintiff ANTHONY LEE failed to keep his wounds free from harmful bacteria or contamination due to Plaintiff's repeated picking at his wounds despite multiple providers advising him to stop.

7.     Plaintiff, ANTHONY LEE's alleged injuries were a result, in whole or in part, of his own careless and negligent conduct and Defendant MARLENE HENZE is otherwise free from liability for said alleged injuries.

8.     At the time of occurrence alleged in the Second Amended Complaint, Plaintiff, ANTHONY LEE was under a duty to exercise ordinary care for his own safety and to avoid acting, or failing to act, in a negligent and careless manner.

9.     Notwithstanding that duty, Plaintiff, ANTHONY LEE was negligent and careless in one or more of the following respects by:

     a.     deliberately and intentionally setting himself on fire;

     b.     deliberately and intentionally picking at his wounds from the burns and resulting skin graft;

     c.     refusing to follow the direction from IDOC and Wexford Health Sources, Inc., providers, including Defendant, MARLENE HENZE;

     d.     was otherwise careless and negligent.

10.     The injuries and damages, if any, sustained by Plaintiff, ANTHONY LEE were caused by the direct and proximate result of one or more of the foregoing acts or omission by Plaintiff.

11.     There was in full force and effect at the time of the occurrence Section 2-1116 of the Illinois Code of Civil Procedure, which bars Plaintiff, ANTHONY LEE from recovering damages if his contributory fault is more than 50% of the proximate cause of the injury or damage from which recovery is sought.

12.     Plaintiff, ANTHONY LEE's negligence is more than 50% of the proximate cause of the injuries for which he now seeks recovery from Defendant MARLENE HENZE.

Therefore, Plaintiff's claims should and must be barred.

13.     Alternatively, if Plaintiff, ANTHONY LEE is determined to be in contributory fault for his failure to exercise ordinary care for his own safety, but not more than 50% of the proximate cause of the injury or damage for which recovery is sought, then any recovery from Defendant, MARLENE HENZE shall be diminished in proportion to the amount of fault attributable to Plaintiff, ANTHONY LEE.

WHEREFORE, Defendant, MARLENE HENZE respectfully requests this Honorable Court to enter an Order granting judgment in favor of Defendant and against Plaintiff, dismissing his Second Amended Complaint with prejudice and with costs including attorney fees pursuant to 42 U.S.C. § 1988(b) and for such other relief as this Court deems appropriate and just.

Dated: June 23, 2025

Respectfully Submitted,

**CONNOLLY KRAUSE LLC**

By:      _/s/ Corinne M. Cundiff_

One of the Attorneys for Defendants,
DR. EILEEN COUTURE, DR. MARLENE HENZE, HELEN BRUCKNER, and WEXFORD HEALTH SOURCES, INC.

Robert S. Tengesdal (#6288650)
Corinne M. Cundiff (#6326784)
CONNOLLY KRAUSE LLC
500 W. Madison Street
Suite 3900
Chicago, Illinois 60661
(312) 253-6200
rtengesdal@cktrials.com
ccundiff@cktrial.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies under penalty of perjury that on June 23, 2025, she caused the foregoing to be filed electronically with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification to all parties who have appeared and are registered as CM/ECF participants in this matter.

*/s/Corinne M. Cundiff*