**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Anthony Lee, | |
| | Case No. 1:25-cv-01772 |
| Plaintiff, | |
| v. | Judge Jorge L. Alonso |
| Wexford Health Sources, et al, | |
| Defendant. | |

**STIPULATED ORDER FOR DISCOVERY OF ELECTRONICALLY STORED
INFORMATION FOR STANDARD LITIGATION**

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules. This Order is not intended to supersede any other applicable orders of confidentiality or protective orders which have been or will be entered in this case.

**2. COOPERATION**

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

**3. ESI LIAISON**

Within seven days of entrance of this order, the parties will identify liaisons to each other (in-house or retained) who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between February 27, 2018, and the present will be preserved;

b) Within fourteen days of the entrances of this order, Plaintiff and Wexford Health Sources will exchange a list of the types of ESI they believe should be preserved and the names of the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved. The list is not attached to this order but shall be retained by the parties separately. The parties shall add or remove custodians as reasonably necessary;

c) All parties are expected to preserve ESI which is reasonably anticipated to be relevant to this litigation. Defendants McGladdery, Henze, Couture, and Bruckner, however, have represented that they are not in possession of any ESI. Defendant Kucera has produced all relevant ESI in her possession, custody, or control via Rule 26(e) Supplemental Disclosures.

## 5. SEARCH

The Plaintiff and Wexford Health Sources agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. The Plaintiff and Wexford Health Sources agree that they will exchange keyword search terms, Boolean connectors, and/or concept search criteria if that method is used. The Plaintiff and Wexford Health Sources have agreed to confer about whether metadata shall be produced in discovery.

## 6. PRODUCTION FORMATS

The parties agree to produce documents in PDF and native file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. With an exception to redaction of information which would lead to disclosure of confidential PHI or personal identifying information, the parties agree not to degrade the searchability of documents as part of the document production process.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b) The parties have agreed upon process pursuant to Fed. R. Civ. P. 26(b)(5) as follows: upon serving any documents or materials responsive to any discovery request in this case, if any documents or materials are being withheld on a claim of privilege, the party claiming privilege will serve a privilege log on all parties contemporaneously with service of responsive records. The parties will confer on any asserted privilege within fourteen days of receiving a privilege log. Only after the parties have conferred may a party seek court intervention regarding the withholding of documents.

c) Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

## 9. MODIFICATION

This Stipulated Order may be modified upon motion to the Court for good cause shown.

SO STIPULATED, through Counsel of Record.

Dated: November 14, 2025

/s/ Sam Harton

Counsel for Plaintiff

/s/ Matthew Kaminski

Counsel for Defendant Presence, Poulakidas

/s/ Christopher Garavaglia

Counsel for Defendant Wexford, Henze, Couture, and Bruckner

/s/ Carl Stier

Counsel for Defendant Kucera

/s/ Jennifer Stuart

Counsel for Defendant McGladdery