**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY LEE (#Y48589), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-01772 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al. | ) | Honorable Judge Jorge L. Alonso |
| | ) | |
| | ) | Honorable Magistrate Judge |
| Defendants. | ) | Daniel P. McLaughlin |

**DEFENDANT, WEXFORD HEALTH SOURCES, INC.,'S UNOPPOSED MOTION FOR ENTRY OF CONFIDENTIALITY PROTECTIVE ORDER**

NOW COMES the Defendant, WEXFORD HEALTH SOURCES, INC., by and through their attorneys, CONNOLLY KRAUSE LLC, and for their Unopposed Motion For Entry of a Confidentiality Protective Order, and in support thereof, states as follows:

1. Pursuant to Local Rule 37.2, the parties have conferred and come to an agreement on the instant motion.

2. Plaintiff, ANTHONY LEE, ("Plaintiff"), an inmate of the Illinois Department of Corrections ("IDOC"), brought this civil rights action under the Eighth Amendment against Defendants for alleged deliberate indifference.

3. Plaintiff has issued written discovery requests to Wexford, including Rule 34 Requests for the Production of Documents, which request documents, tangible items, and electronically stored information ("ESI") regarding Plaintiff, as well as "policies, procedures, guidelines, rules or protocols" concerning medical care which will necessarily require from Wexford the production of certain confidential, proprietary, and protected information, including trade secrets and other confidential commercial information.

4. Consequently, Wexford is seeking to have a Confidentiality Protective Order entered.

## STANDARD FOR ENTERING A PROTECTIVE ORDER

5. Fed. R. Civ. P. 26(c)(1)(G) provides that the Court may, for good cause shown, require that a trade secret or other confidential commercial information not be revealed or be revealed only in a specified way.

6. Protective Orders regarding Wexford's contracts, policies, procedures, handbooks, guidelines, and clinical protocols have routinely been held to be subject to protective order in this district as well as other districts in this circuit. *See e.g. Henderson v. Wexford Health Sources, Inc., et al* 23-cv-04185, Doc. 46 (N.D. Ill. Oct. 15, 2024); *Taylor v. Illinois Dept. of Corrections, et al.*, 21-cv-04116, Doc. 122 (N.D. Ill. April 23, 2024); *Matthews v. Wexford Health Sources, Inc., et al.,* 22-cv-07193, Doc. 83 (N.D. Ill. April 10, 2024); and *Fair v. Gomez, et al.*, 21-cv-00319, Doc. 39 (N.D. Ill. Feb. 15, 2022).

## WEXFORD'S POSITION CONCERNING ITS SHOWING OF GOOD CAUSE

7. Wexford is a healthcare services company that provided correctional healthcare staff to treat patients in the custody and care of the IDOC and currently other state agencies.

8. Wexford provides a variety of written Policies and Procedures that are utilized by healthcare providers employed by Wexford as reference guidelines in treating patients within the Illinois Department of Corrections and other state agencies.

9. Wexford's Policies and Procedures serve as a reference tool for physicians to assist them in caring for patients within the Illinois Department of Corrections.

10. In creating these Policies and Procedures through the years, Wexford has expended significant finances and resources to evolve and develop the materials, so has to provide its

employees reference materials containing up-to-date medical literature and best practices, affording a competitive edge through their practices.

11. Wexford competes with other correctional healthcare companies for business. Consequently, Wexford has significant concerns about public disclosure of Wexford's confidential commercial proprietary/trade secret information contained in certain documents that often are relevant during litigation, including but not limited to Wexford Policies and Procedures and clinical protocols.

11. As a result, Wexford has significant concerns about confidential commercial proprietary/trade secret information contained in some of the documents responsive to Plaintiff's discovery requests to Wexford.

12. Numerous courts have acknowledged and addressed that privacy concerns regarding the disclosure of the information during discovery can be addressed through a protective order such as this, which courts routine grant when information is produced during discovery. *Donald v. Wexford Health Sources*, *Inc*., 2017 U.S. Dist. LEXIS 113039, at *14 (C.D. Ill. July 20, 2017).

13. Wexford has consistently taken steps to prevent the public disclosure of its policies, procedures, Provider Handbook and manuals. For example, in civil litigation, Wexford instructs its counsel, without exception, to seek protective orders prior to the disclosure of any confidential policies to parties or in discovery. And courts routinely grant such requests. See e.g., *Phillips v. Wexford Health Sources, Inc*., No. 11–cv–2701 (N.D. Ill. Jul. 25, 2012) (Kim, M.J.); *King v. Chapman*, M.D. et al., No. 09–cv–1184 (N.D. Ill. Nov. 28, 2011) (Schenkier, M.J.); *Cumbee v. Ghosh, M.D. et al*., No. 11–cv–3511 (N.D. Ill. Jul. 6, 2012) (Tharp, J.); *Hardy v. McCann et al*., No. 07–cv–6723 (N.D.Ill. May 12, 2009) (Kennelly, J.); *Lippert v. Godinez et al*., No. 10–cv–4603

(N.D.Ill. Apr. 11, 2012) (Castillo, J.); *Watkins v. Ghosh*, No. 11 C 1880, 2013 WL 1869094, at *1 (N.D. Ill. May 3, 2013); *Davis v. Wexford Health Sources, Inc*., USDC CD-IL, No 16-1439, (7/24/17, Doc 20) (Hawley, Mag, J); *Wilborn v. Meeks*, USDC CD-IL, No. 19-1202 (12/7/20, Doc. 135)(Bruce, J); *Wilborn v. Powers*, USDC SD-IL, No. 13-176 (Doc. 403, 2/2/15)(Williams, Mag. J); see also, *McDonnell Douglas Corp. v. U.S. E.E.O.C*., 922 F. Supp. 235, 242 (E.D. Mo. 1996)("the undisputed evidence in the administrative record shows that not only did MDC not disclose these documents to the public, it carefully guarded their disclosure even within the corporate structure. All the documents were stamped 'confidential, they were not disseminated beyond those with a need to know their contents, and MDC strenuously, and successfully, opposed their production in discovery in multiple civil cases"); see also, *Thurman v. Strow*, CDIL, No. 19-4149 (Bruce, J.) (10/6/21 Order, granting motion to reconsider and sealing dental policies and procedures), citing *Wilkins v. Overall*, 2021 WL 824954 (S.D. Ill., No. 16-1324, McGlynn, J.)(granting motion to reconsider and sealing exhibit of Wexford medical guidelines as trade secret); *Watkins v. Ghosh*, 2013 WL 1869094 (N.D. Ill.)(granting protective order barring public disclosure of Wexford internal operating documents).

13. Defendant Wexford has prepared a proposed Protective Order that will apply to production of the requested documents, attached hereto as Exhibit A. After conferring on the terms, the proposed order is the result of an agreement between Defendant Wexford and Plaintiff. No objections were voiced to the filing of this motion or order. Defendant Wexford respectfully requests this Honorable Court grant its Motion for said Protective Order and enter the same.

14. In accordance with this Honorable Court's Standing Order concerning proposed orders, contemporaneously with the filing of this motion, an e-mail of the proposed order with

redlines showing the changes made to the model local protective order as well as a clean version will be sent to Proposed_Order_McLaughlin@ilnd.uscourts.gov.

WHEREFORE, Defendant, WEXFORD HEALTH SOURCES, INC., respectfully requests that this Honorable Court grant its Motion for Enty of Protective Order and enter the agreed proposed protective order.

Respectfully submitted,

**CONNOLLY KRAUSE LLC**

/s/ Christopher J. Garavaglia
One of the Attorneys for Defendants

Robert S. Tengesdal #6288650
Christopher J. Garavaglia #6323928
CONNOLLY KRAUSE LLC
Attorneys for Defendants
500 West Madison Street, Suite 3900
Chicago, Illinois 60661
Tel: (312) 253-6200
Email: rtengesdal@cktrials.com
cgaravaglia@cktrials.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all counsel of record by filing the same with the CM/ECF system.

/s/ Christopher J .Garavaglia