**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Anthony Lee,                                           )
                                                       )
     Plaintiff,                                      )          No: 25-cv-01772
                                                       )
v.                                                     )
                                                       )
Wexford Health Sources, Inc., et al,                   )
                                                       )
     Defendants                                      )
                                                       )

---

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff, Anthony Lee, by and through his attorneys, Romanucci and Blandin, LLC, files this reply in support of his Motion for Leave to File his Third Amended Complaint. Plaintiff states as follows:

Defendants' response to Plaintiff's Motion for Leave to File his Third Amended Complaint can be reduced to four arguments: 1) that Plaintiff knew about a nurse malpractice theory before Dr. Henze's deposition; 2) that Plaintiff's amendments prejudice Defendants; 3) that the proposed amendments effectively add time-barred defendants; and 4) that the amendments are futile. None of these arguments withstand scrutiny. The proposed Third Amended Complaint adds no new defendants and no new claims. Those amendments which Wexford takes issue with refine an existing *respondeat superior* theory against an already-named defendant (Wexford) based on facts that have crystallized in discovery. Rule 15(a)'s liberal amendment standard controls, and under that standard, leave should be freely given.

### A. Plaintiff's amendments are timely.

Defendants' central timeliness argument rests on the claim that Mr. Lee's December 2025 deposition testimony, in which he recalled Dr. Henze stating "they didn't tell me your leg was like this," triggered an obligation to amend the complaint. Defendants have cited no case that imposes such a timeline on Plaintiff. As Plaintiff established in his opening brief, Rule 15(a) governs this motion because no deadline for amending pleadings has been set. *See Hunter v. WirelessPCS Chicago, LLC*, No. 18 CV 980, 2022 WL 19766905, at *1 (N.D. Ill. Mar. 17, 2022) (Rule 15 applied where no scheduling order had been entered). Under Rule 15, courts should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15. A Plaintiff may amend his complaint absent undue delay, bad faith, dilatory motive, repeated failure to cure, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Conforming the pleadings to discovery is a legitimate motive recognized by the Seventh Circuit. *Zall v. Standard Ins. Co.*, 58 F.4th 284, 295 (7th Cir. 2023).

**Critically, the requirement to avoid "undue delay" and prejudice does *not* require a plaintiff to amend at the earliest theoretically possible moment.** *See Philippi-Hagenbuch, Inc. v. W. Tech. Servs. Int'l, Inc.*, No. 12-1099, 2014 WL 12734077 (C.D. Ill. Oct. 24, 2014). Plaintiff brought this motion after learning of facts in Dr. Henze's deposition that specifically support the amendments Plaintiff seeks to make. Defendants cite no cases to support their contention that Rule 15(a)'s liberal standard required Plaintiff to amend in December 2025 or earlier. Under this standard, Plaintiff has leeway to amend his Complaint to conform to the facts learned

2

in discovery, adjusting *theories* accordingly. *Zall v. Standard Ins. Co.*, 58 F.4th 284, 295 (7th Cir. 2023). Here, Plaintiff is merely clarifying that his *respondeat superior* theory includes the conduct of Ms. Paramore and Ms. Ohakosim (although, as discussed *infra,* Wexford has always been aware that Plaintiff alleged Wexford was responsible for the conduct of any Wexford nurse).[1] The Court should deny Defendants' attempt to hold Plaintiff to higher standard than that contemplated by the rules.

### B. Plaintiff's amendments would not prejudice Defendants.

Defendants argue they "have been prejudiced from fully examining Nurse Paramore in relation to the newly raised allegations and, should the instant Motion be granted, will be required to expend additional time and expenses on additional discovery." Specifically, they argue that prior to Ms. Paramore's deposition, they "had no notice that Plaintiff would then, approximately two months later, allege that Nurse Paramore was negligent and an alleged agent of Wexford."

Defendants Wexford and Dr. Henze[2] cannot credibly claim ignorance of Nurse Paramore's relevance to this litigation when Dr. Henze's own deposition testimony identified Nurse Paramore's conduct as a primary defense. Presuming that they discussed this case with their client prior to Ms. Paramore's deposition, counsel for Wexford and Henze knew that Dr. Henze would identify the nurses' failures to

---

[1] The proposed amendments address more than the nurses' conduct. Plaintiff also adds allegations conforming his Monell claim to facts learned in discovery. Specifically, Plaintiff alleges that Wexford maintained an unconstitutional on-call policy permitting its sole on-site physician to travel out of state on weekends, leaving inmates with no physician access whatsoever, which Plaintiff learned during Dr. Henze's deposition. See ECF 125 at 6. Defendants' response in opposition to Plaintiff's Motion appears to address only the allegations concerning the nurses.

[2] Wexford and Dr. Henze are represented by the same counsel, who jointly filed the opposition to this Motion, along with Defendants Bruckner and Couture.

communicate as a defense of her treatment plan and medical decision-making. ECF 125-6, Henze Dep. at 73:17-19. ("Had I known everything that's in this note, I would have sent him to the hospital."). Dr. Henze has made Ms. Paramore's conduct a defense; she cannot do so while also claiming to be unaware that Ms. Paramore's potential negligence would be relevant to discovery. Defendants cannot simultaneously advance an empty-chair defense that turns on nurse negligence then claim prejudicial surprise when Plaintiff amends his complaint to address it.

Defendants also cannot claim surprise by the agency allegations. The Complaint has long placed Wexford on notice that 1) Wexford is responsible for the conduct of its agents and employees and 2) a *Wexford* nurse had been in contact with Dr. Henze about Mr. Lee's injuries. ECF 50 at ¶¶ 41, 49-53, 238-243. Plaintiff also placed Defendants on notice of his allegations that "Wexford, by and through its agents and employees, fell below the minimum standard of care and constituted negligence because it […] failed to properly communicate with and supervise the individuals who provided care to Anthony." ECF 1-6, Original 2-622 Affidavit of Merit Against Wexford at 2. Defendants have thus always been on notice that Plaintiff alleged Wexford to be responsible for negligent communication failures between those individuals who provided care to Mr. Lee.

Then, Dr. Henze's deposition made clear that Ms. Paramore and Ms. Ohakosim specifically are plausible agents of Wexford. Under the Illinois pattern instruction, an agent is a person who performs services for a principal at the principal's direction, with or without compensation, under an agreement that may be express or implied. IPI

4

50.05. Dr. Henze described the nurses as her "eyes and ears" when she was not on site. ECF 125-6, Henze Dep. at 46:10-11. She testified that "the nurse is responsible for giving me an accurate history." Id. at 46:5-6. She described the practice of nurse-driven care throughout IDOC as a known and longstanding policy: "the medical care is very nurse driven throughout IDOC's medical care." Id. at 47:8-9. And she testified that IDOC, Wexford, and the Office of Health Services were all aware that she would do assessments by means of the nurses. Id. at 70:16-71:8. Wexford and Dr. Henze's counsel chose not to represent Nurse Paramore in this litigation, presumably with knowledge that Dr. Henze would blame the nurses for failing to relay complete information.[3] If Defendants were caught off guard by the agency implications of Dr. Henze's testimony, that is a consequence of their own litigation strategy, not of any failure by Plaintiff.

Finally, that Defendants would need to conduct additional discovery on the nurses' conduct is not undue prejudice within the meaning of Rule 15. There are four months remaining in fact discovery. Any additional discovery regarding the nurses' conduct and agency can be accomplished within the existing timeline, and Defendants have identified no specific deposition they would need to re-take or evidence they would

---

[3] Defendants' counsel informed Plaintiff's counsel on November 13, 2025, that they would not be representing Ms. Paramore for deposition, and she would have to be independently subpoenaed. Id. On March 2, 2026, before Ms. Paramore's deposition proceeded, undersigned counsel sent a message to defense counsel notifying them of her intent to contact Ms. Paramore, asking for confirmation that Ms. Paramore remained unrepresented, and advising that she would move forward with contacting Ms. Paramore and providing her with copies of her notes if she did not hear from counsel be the next day at 5 p.m. Ex. 1. Plaintiff never received a response. Counsel's decision not to represent Ms. Paramore prior to her deposition, presumably knowing that Dr. Henze would testify to facts supporting the apparent agency of the nurses, is not grounds for denying leave to amend.

be unable to obtain.

### C. Plaintiff's amendments do not imply any statute of limitations defense.

Defendants also make a statute of limitations argument that misidentifies what Plaintiff's amendments are. Plaintiff is not adding Nurses Paramore or Ohakosim as defendants. He is not seeking to recover damages from them individually. He is not asserting new causes of action. He is refining an existing *respondeat superior* theory against Wexford, a defendant named since the original complaint, to identify with greater specificity the agents whose conduct gives rise to that liability.

Defendants cite no authority for the proposition that a plaintiff pursuing a *respondeat superior* theory against a corporate defendant must identify every individual agent potentially responsible for malpractice before the statute of limitations. Indeed, the law reflects the opposite: "When an employer is sued under a theory of *respondeat superior,* 'the servant is not a necessary party in an action against the master.'" *Wright v. Vill. of Calumet Park*, No. 09-CV-3455, 2009 WL 4545191, at \*4 (N.D. Ill. Dec. 2, 2009) (quoting *McCottrell v. City of Chicago*, 135 Ill.App.3d 517, 519 (Ill.App.Ct.1985). "Therefore it is sufficient for recovery against a public entity to prove that an identified employee would be liable even though that employee is not named a defendant in the action." *Id.* "It thus follows that a statute-of-limitations bar later asserted against an identified employee cannot be grounds for dismissing the count against the employer when the employer was sued within the time required by the applicable statute of limitations." *Id.*

Rule 15(c)'s relation-back analysis, on which Defendants rely, applies to

amendments that name new parties. It has no application here. Defendants' argument about whether Nurses Paramore and Ohakosim had notice of the litigation conflates two entirely distinct legal questions—whether individual liability can be asserted against a new defendant after the statute of limitations, versus whether a plaintiff can refine a *respondeat theory* against an existing defendant as discovery develops—and answers the wrong one. Plaintiff's Motion does not ask the Court to consider the former, so Plaintiff does not address the merits of Defendants' superfluous Rule 15(c) argument. Plaintiff is merely asking the Court to allow Plaintiff to conform his *respondeat superior* theory to discovery by identifying the Wexford nurses who Dr. Henze herself claims share culpability in Mr. Lee's injuries. This theory is consistent with Plaintiff's original affidavit of merit supporting his claims against Wexford (ECF 1-6), it is just more specific in light of the facts learned in discovery. Plaintiff is entitled to develop and refine his theories through discovery, and the respondeat superior claim against Wexford, which has always encompassed the conduct of Wexford's agents and employees, is a proper vehicle for doing so.

### D. Plaintiff's amendments are not futile.

Defendants contend that the agency allegations in the proposed Third Amended Complaint are conclusory and futile. An agent is a person who performs services for a principal at the principal's direction, with or without compensation, under an agreement that may be express or implied. IPI 50.05. As discussed, *supra*, Dr. Henze gave testimony supporting the inference that Ms. Paramore and other nurses at Joliet Treatment Center were agents of Wexford. She testified that nurses were her eyes and

ears and that she would do assessments by means of the nurses.

Additionally, Nurse Paramore testified that she was a travel nurse placed at JTC through a nursing agency to address Wexford's staffing shortfalls. ECF 125-3, Paramore Dep. at 15:1-12. She testified that at JTC, nurses operated under the direct medical authority of Wexford's on-call physicians, that she was required to page Dr. Henze and relay her assessments to receive treatment orders, that she was not permitted to make independent clinical decisions about patient care, and that she had to rely on the direction of nurse practitioners and doctors. Id. at 19:16-21:23.

The testimony in this record—that Wexford's physicians directed the nurses' clinical assessments, controlled the flow of patient care, and relied on those nurses as the source of information—is sufficient to support an agency theory. Regardless, the question of whether that agency relationship is ultimately proven is a merits question, not a pleading question. In the Third Amended Complaint, Plaintiff has plausibly alleged that Ms. Paramore and Nurse Ohakosim are agents of Wexford. If Defendants' wish to challenge that allegation or proof thereof, this Motion for Leave to Amend is not the proper venue to do so.

### E. Conclusion

"The law of this circuit affords flexibility for a plaintiff to adjust his or her legal theory over the course of litigation." *Philippi-Hagenbuch, Inc.*, No. 12-1099, 2014 WL 12734077 at *2. Defendants' brief does not address this proposition, nor does it attempt to distinguish the cases Plaintiff cited in which courts granted leave to amend under far more disruptive circumstances than those presented here. It is also devoid of case

law that supports denying a Motion for Leave to Amend under Rule 15(a). Instead, Defendants point to inapplicable rules, such as Rule 15(c), a vaguely gesture at heightened standards that have no basis in the law. The law allows Plaintiff to amend his Complaint to conform his theories of liability to discovery. That is all Plaintiff seeks to do. There are no new Defendants, no new claims, and no undue delay or prejudice that would justify denial. Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion for Leave to File a Third Amended Complaint.

Respectfully submitted,

/s/ Sam Harton
Attorney for the Plaintiff

Sam Harton
Paul McMahon
Daisy Ayllon
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL  60654
Tel: (312) 253-8618
Fax: (312) 458-1004
sharton@rblaw.net

9