Re: *Lee v. Helen Bruckner, et al.*

## HEALTH PROFESSIONAL'S REPORT

1.  Anthony Lee was incarcerated at Joliet Treatment Center and Stateville Correctional Center.

2.  In March of 2023, Anthony returned to Stateville Correctional Center after receiving surgery at the hospital to treat his severe, circumferential burn wound.

3.  Upon returning to Stateville Correctional Center, Anthony had a wound that needed to be cared for to prevent infection and other adverse consequences.

4.  Over the nearly two months that Anthony resided at Stateville after his surgery, his wound became increasingly infected and deteriorated over time without receiving appropriate intervention.

5.  Nurse Practitioner Helen Bruckner was one of Anthony's treating practitioners responsible for care of his wound.

6.  Upon treating Anthony for his wounds and infection, Bruckner was required to do the following:

    a.  Thoroughly assess Anthony to identify his needs and risks to his health and safety;

    b.  Use the assessment's findings to develop and order a care plan specific to his needs in conjunction with other medical and nursing staff;

    c.  Ensure that the medical and nursing staff carry out the interventions listed in the care plan;

    d.  Periodically reevaluate the care plan and Anthony to determine whether the interventions were effective or whether changes were necessary;

    e.  Communicate effectively with Anthony, nursing staff, and other medical staff while assessing, developing, implementing, and reevaluating the care plan;

    f.  Refer Anthony to a hospital or specialist and/or facilitate a transfer, when it became apparent that he had an infection;

    g.  Refer Anthony to a hospital or specialist and/or facilitate a transfer, when it became apparent that his infection was worsening;

1

h. Refer Anthony to a hospital or specialist and/or facilitate a transfer, when his wound had deteriorated to such a degree that his bone was visible;

i. Refer Anthony to a hospital or specialist, and/or facilitate a transfer, when it became apparent that he required care beyond the capabilities of Wexford and the Department of Corrections;

j. Prescribe and engage in an effective course of treatment that was designed to treat his needs;

k. Appropriately document the status of Anthony's wound during his course of treatment and assessment; and

l. Take all other reasonable measures to assess and treat Anthony's burns.

7. Based upon my experience, training, knowledge, and my review of Anthony Lee's medical records, it is my opinion, to a reasonable degree of medical certainty, that the care provided by Nurse Practitioner Bruckner at Stateville Correctional Center fell below the minimum standard of care and constituted negligence because she:

a. Failed to assess the risks posed to Anthony's health and safety;

b. Failed to develop and implement an individualized plan of care addressing Anthony skin graft, wound, and infection;

c. Failed to properly communicate with and supervise the individuals who provided care to Anthony;

d. Failed to adequately monitor Anthony Lee;

e. Failed to provide orders to immediately address Anthony Lee's infection;

f. Implemented a course of treatment that was ineffective in treating Anthony's infection;

g. Prescribed medications that would not effectively treat Anthony's condition;

h. Failed to refer or facilitate the transfer of Anthony Lee to a hospital or specialist;

i. Failed to appropriately document the status of Anthony's wound during his course of treatment and assessment.

8. While under the care of Nurse Practitioner Bruckner, Anthony suffered unnecessary

2

pain, received ineffective treatment to his wounds, and experienced delayed presentation to the hospital or specialist for his severe infection.

9. As a result of Bruckner's failures of care and the negligent acts and omissions, Anthony Lee's infection continued to worsen without access to a hospital, specialized care, or an effective course of treatment. Ultimately, Anthony's leg was amputated.

10. In my opinion, there is a reasonable and meritorious basis for filing a lawsuit against Nurse Practitioner Bruckner.

11. I am a physician licensed to practice medicine in all its branches.

12. I am knowledgeable in the relevant issues involved in this particular action, specifically the provision of health care in a correctional setting.

13. I have practiced medicine in the same area of health care or medicine that is at issue in this particular action within the last 5 years.

14. I am qualified by experience and have demonstrated competence regarding the care and treatment of patients who require health care in a correctional setting, such as Anthony Lee.

15. I am familiar with the standard of care for hospitals, nurses, licensed practical nurses, and certified nursing assistants as it currently relates to issues of care and treatment of patients in a correctional setting such as Anthony Lee.

16. Specifically, I am knowledgeable about the standard of care for general medical practitioners in a correctional setting who are treating a patient with specialized needs, such as Anthony Lee.

17. I have read and reviewed the following records in this case:

**Medical Records for Anthony Lee**
Illinois Department of Corrections
Dates: 4/4/2003-10/16/2023

Amita Health Aurora
Dates: 02/07/2023-03/16/2023, 04/04/2023, 05/05/2023-05/16/2023

_____
Signature

2/19/2025
_____
Date

3

4

State of Washington

County of Thurston_____

I certify that I know or have satisfactory evidence that Ryan Herrington_____
(name of individual)

is the person who appeared before me and said person acknowledged that (he/she) signed this

instrument, __Health Professional's Report_____,
(document description)

and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the

instrument.

Dated: 02/19/2025_____

_Taylr Sea_____
(Signature of Notary)

Notary Public for the State of Washington

My Appointment Expires: 04/13/2027_____

TAYLOR SEAMAN
Notary Public Stamp
State of Washington
Commission # 23019726
My Comm. Expires Apr 13, 2027

GCU 02685 R 04/05/2023