Re: *Lee v. Illinois Department of Corrections*

## HEALTH PROFESSIONAL'S REPORT

1. Anthony Lee was incarcerated at Joliet Treatment Center and Stateville Correctional Center when he suffered serious burns and, later, a related infection.

2. Upon treating Mr. Lee for his circumferential burns and subsequent infection, the Illinois Department of Corrections, by and through its agents, contractors, and employees, was required to do the following:

   a. Thoroughly assess Anthony Lee to identify his needs and risks to his health and safety;

   b. Use the assessment's findings to develop a care plan specific to his needs in conjunction with other medical and nursing staff;

   c. Ensure that the medical and nursing staff order interventions to address the risks to his health and safety;

   d. Ensure that the medical and nursing staff carry out the interventions listed in the care plan;

   e. Periodically reevaluate the care plan and Anthony Lee to determine whether the interventions were effective or whether changes were necessary; and,

   f. Communicate effectively with Anthony Lee, nursing staff, and other medical staff while assessing, developing, implementing, and reevaluating the care plan;

   g. Refrain from taking action that would worsen Anthony's condition and/or exacerbate his pain, such as four-point restraints;

   h. Refer Anthony to a hospital or specialist and/or facilitate a transfer, when it became apparent that he was experiencing a surgical emergency;

   i. Refer Anthony to a hospital or specialist, and/or facilitate a transfer, when it became apparent that he required care beyond the capabilities of Wexford and the Department of Corrections;

   j. Continuously assess the need for restraints and discontinue orders for restraints when it became apparent they were a risk to his health and safety;

   k. Refer Anthony to a hospital or specialist and/or facilitate a transfer, when it

1

became apparent that he had an infection or other complication;

l. Refer Anthony to a hospital or specialist and/or facilitate a transfer, when it became apparent that his infection was worsening;

m. Refer Anthony to a hospital or specialist and/or facilitate a transfer, when his wound had deteriorated to such a degree that his bone was visible;

n. Refer Anthony to a hospital or specialist, and/or facilitate a transfer, when it became apparent that he required care beyond the capabilities of Wexford and the Department of Corrections;

o. Prescribe and engage in an effective course of treatment that was designed to treat his needs;

p. Appropriately document the status of Anthony's wound during his course of treatment and assessment; and

q. Take all other reasonable measures to assess and treat Anthony's burns and wounds.

3. Based upon my experience, training, knowledge, and my review of Anthony Lee's medical records, it is my opinion, to a reasonable degree of medical certainty, that the care provided by the Illinois Department of Corrections, by and through its agents, contractors, and employees, fell below the minimum standard of care and constituted negligence because it:

a. Failed to assess the risks posed to Anthony's health and safety;

b. Failed to develop and implement an individualized plan of care addressing Anthony burns, skin graft, wound, and infection;

c. Failed to properly communicate with and supervise the individuals who provided care to Anthony;

d. Failed to adequately monitor and reevaluate Anthony Lee;

e. Failed to reassess Anthony Lee's plan of care for adequacy and effectiveness;

f. Failed to provide orders to immediately address Anthony Lee's burns and infection;

g. Implemented a course of treatment that was ineffective in treating Anthony's

2

burns and infection;

h. Prescribed medications that would not effectively treat Anthony's condition;

i. Failed to refer or facilitate the transfer of Anthony Lee to a hospital or specialist;

j. Failed to effectively communicate with Anthony Lee's other providers;

k. Ordered the imposition of painful restraints on Anthony Lee, which posed a risk to his health and safety and increased his pain;

l. Failed to periodically reassess the need for restraints; and

m. Failed to appropriately document the status of Anthony's wound during his course of treatment and assessment.

4. While under the care of the Illinois Department of Corrections, Anthony suffered unnecessary pain, experienced delayed presentment to the hospital for a surgical emergency, received ineffective treatment to his wounds, and experienced delayed presentment to the hospital for a severe infection.

5. In my opinion, there is a reasonable and meritorious basis for filing a lawsuit against the Illinois Department of Corrections.

6. I am a physician licensed to practice medicine in all its branches.

7. I am knowledgeable in the relevant issues involved in this particular action, specifically the provision of health care in a correctional setting.

8. I have practiced medicine in the same area of health care or medicine that is at issue in this particular action within the last 5 years.

9. I am qualified by experience and have demonstrated competence regarding the care and treatment of patients who require health care in a correctional setting, such as Anthony Lee.

10. I am familiar with the standard of care for physicians, nurse practitioners, and nurses as it currently relates to issues of care and treatment of patients in a correctional setting such as Anthony Lee.

11. Specifically, I am knowledgeable about the standard of care for general medical practitioners in a correctional setting who are treating a patient with specialized needs, such as Anthony Lee.

12. I have read and reviewed the following records in this case:

**Medical Records for Anthony Lee**
Illinois Department of Corrections
Dates: 4/4/2003-10/16/2023

Amita Health Aurora
Dates: 02/07/2023-03/16/2023, 04/04/2023, 05/05/2023-05/16/2023

_____                          2/19/2025
Signature                                          Date

4

State of Washington

County of Thurston _____

I certify that I know or have satisfactory evidence that Ryan Herrington _____
(name of individual)

is the person who appeared before me and said person acknowledged that (he/she) signed this

instrument, __Health Professional's Report_____,
(document description)

and acknowledged it to be (his/her) free and voluntary act for the uses and purposes mentioned in the

instrument.

Dated: 02/19/2025 _____

_Taylor Sea_____
(Signature of Notary)
Notary Public for the State of Washington

My Appointment Expires: 04/13/2027 _____

TAYLOR SEAMAN
Notary Public
State of Washington
Commission # 23019726
My Comm. Expires Apr 13, 2027

GCU 02685 R 04/05/2023