**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony Lee, | ) | |
| | ) | |
| Plaintiff, | ) | No:  25-cv-01772 |
| | ) | |
| v. | ) | |
| | ) | Judge: Jorge L. Alonso |
| Wexford Health Sources, Inc., et al., | ) | |
| | ) | Magistrate: Daniel P. McLaughlin |
| Defendants. | ) | |
| | ) | |

**UNOPPOSED MOTION FOR ENTRY OF
AMENDED HIPAA-QUALIFIED PROTECTIVE ORDER**

Plaintiff, by and through his attorney, files this Motion for Entry of Amended HIPAA-Qualified Protective Order in this matter. Plaintiff states as follows:

The proposed protective order, Exhibit 1, would replace the existing HIPAA-Qualified Protective Order (Existing Protective Order), ECF 61. Its contents are substantially similar to the Existing Protective Order entered into this case, except that it adds coverage of third-party protected health information. The Existing Protective Order only covered protected health information of the Plaintiff. Plaintiff seeks medical records of third parties that are relevant to this litigation but cannot be produced in compliance with the Health Insurance Portability and Accountability Act (HIPAA) unless the Amended HIPAA-Qualified Protective Order is entered.

Prior to entering or modifying a protective order, the Court must first make a finding of good cause. *Reed v. Wexford Health Sources, Inc.*, No. 20-CV-01139-SPM, 2021 WL 5578076, at *1 (S.D. Ill. Oct. 19, 2021). Here, Plaintiff has issued a subpoena

to the Illinois Department of Corrections and Rule 34 requests to Wexford Health Sources, Inc. (Wexford) that include requests for information related to the medical treatment of third parties by IDOC and Wexford. Plaintiff requires the medical information and records of third parties to support his *Monell* claim against Wexford, which alleges that Wexford has multiple unconstitutional customs and practices that culminate in broad failure to provide adequate healthcare to IDOC inmates. ECF 136 at ¶ 172. One approved method of proving a *Monell* claim is evidence of prior incidents of misconduct that are similar to that which caused Plaintiff's injuries. *See Berardi v. Vill. of Sauget, Ill.,* No. CIV. 05-898-CJP, 2008 WL 2782925, at \*4 (S.D. Ill. July 17, 2008); *Paroubek v. Friddle*, No. 86 C 7534, 1987 WL 7818, at \*4 (N.D. Ill. Mar. 11, 1987) (citing prior incidents as one method of pleading the existence of an unconstitutional policy). Third-party medical records that evidence prior instances of poor medical care at Wexford would be of critical relevance to Plaintiff's claim.

Plaintiff cannot access such records without the proposed Amended HIPAA-Qualified Protective Order. Generally, HIPAA "prevents the disclosure of health-related information without the consent of the persons whose health information is at issue." *Reed*, 2021 WL 5578076, at \*2. But HIPAA allows protected health information to be disclosed during discovery if the party seeking the information "makes a 'reasonable effort' to secure a qualified protective order, that is, an order that prohibits the use or disclosure of the information outside the litigation and requires the return or destruction of the information at the end of the litigation." *Id*. The proposed Amended HIPAA-Qualified Protective Order meets HIPAA's

procedural requirements because it contains provisions prohibiting the disclosure of protected health information for any other purpose other than the litigation and prescribes that all protected health information shall be returned or disposed of at the end of the litigation. 45 C.F.R. § 164.512(e)(1)(v).

There is thus good cause to enter this Amended HIPAA-Qualified Protective Order, as it is necessary to allow Plaintiff to gather information relevant to his *Monell* claim and meets the procedural requirements of HIPAA.

Plaintiff circulated the Amended HIPAA-Qualified Protective Order to all counsel of record. Counsel for Dr. Kucera, Dr. Poulakidas, Presence, and IDOC indicated there was no objection. Counsel for Wexford indicated they would not be taking a position, and no response in opposition would be filed.

Plaintiff respectfully requests this Court grant this motion and enter the Amended HIPAA-Qualified Protective Order attached hereto as Exhibit 1.

Respectfully submitted,

/s/ Sam Harton
Attorney for the Plaintiff

Sam Harton
Paul McMahon
Daisy Ayllon
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Suite 900
Chicago, IL 60654
Tel: (312) 253-8618
Fax: (312) 458-1004
sharton@rblaw.net
pmcmahon@rblaw.net
dayllon@rblaw.net

3