**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS**

| | |
|---|---|
| **ANTHONY LEE**, <br>　　　　　**Plaintiffs,** <br><br> **v.** <br><br> **WEXFORD HEALTH SOURCES,** <br> **INC.,** *et al.,* <br><br> 　　　**Defendants.** | **Case No. 25-cv-01772** |

## PROPOSED AMENDED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c) and 45 C.F.R. §§ 160 & 164, the Court finds for good cause for entry of a new protective order to prevent the unauthorized disclosure and to direct the use of protected health information during the course of this litigation. Accordingly, **IT IS ORDERED:**

1. The parties and their attorneys, and any future parties and their attorneys, in the above-captioned litigation are hereby authorized to receive, subpoena and transmit "protected heath information" pertaining to Plaintiff to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the

provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. §160.103) are hereby authorized to disclose protected health information pertaining to Plaintiff, to attorneys representing Plaintiff and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing Plaintiff's protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Plaintiff's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to

Plaintiff, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information pertaining to Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal. See Local Rule 26.2.

9. The parties and their attorneys, and any future parties and their attorneys, in the above-captioned litigation are hereby authorized to receive, subpoena and transmit "protected heath information" (PHI) pertaining to non-parties to the extent and subject to the conditions outlined herein:

   a) "Any non-party" shall mean all those other than the plaintiffs or the defendants.

   b) Any PHI of any non-party shall be designated "Attorneys' Eyes Only" and shall be viewed only by counsel of record for the instant litigation, their paralegals and investigators, and retained expert witnesses.

   c) The parties will not use or disclose the PHI of any non-party released in this proceeding for any other purpose or in any other proceeding.

d) The parties will store all PHI of any non-party according to the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2002) (hereinafter referred to as Privacy Standards) while such PHI is in their possession.

e) The parties shall assist each other in the release of PHI by waiving all notice requirements that may otherwise be necessary under HIPAA and the Privacy Standards. However, the parties agree to serve timely notices of any subpoenas issued, as required by the Federal Rules of Civil Procedure.

f) The parties may seek and all parties agree to the release of PHI for non-parties from any covered entity or entities identified in any disclosure or discovery response, medical record, inmate file, or testified to at any deposition, or identified by any other discovery tool.

g) The parties shall, at the termination of this proceeding, return all "Attorneys' Eyes Only" matter obtained during the course of this proceeding to the attorney representing the person whose "Attorneys' Eyes Only" matter was released during the course this proceeding, and/or dispose of any "Attorneys' Eyes Only" matter retained thereafter pursuant to the Privacy Standards.

h) As this Protective Order pertains to pretrial discovery, the parties understand that an interested member of the public has the right to challenge the placement under seal of any document deemed admissible and used at trial or otherwise filed with this Court so as to be of record. In the event of such a challenge, the party asserting confidentiality shall have the burden of proving the propriety of that designation.

i) The individual pages of each document designated, produced pursuant to Section 9 of this Order, or otherwise covered by such shall bear the following designation:

ATTORNEY'S EYES ONLY CONFIDENTIAL DOCUMENT PRODUCED PURSUANT TO PROTECTIVE ORDER

or

ATTORNEYS' EYES ONLY

No document containing the above designation shall be copied in whole or in part without such designation appearing on the copy.

No document containing the above designation shall be read by any

person other than the parties' counsel of record for the instant litigation, their paralegals and investigators, and retained expert witnesses.

j)    Any non-party PHI disclosed in accordance with this Order shall be held in confidence and used solely by counsel for the purpose of preparing for this litigation.

k)    To the extent that a party believes it has a right to redact information, it may redact such information, provided that if a party redacts information from any "Attorneys' Eyes Only" matter and the face of the document itself does not make clear and obvious the nature of the information redacted, the party shall provide in writing a specific category of information redacted (for example, social security number).

l)    The parties shall, at the termination of this proceeding, return all "Attorneys' Eyes Only" matter obtained during the course of this proceeding to the attorney representing the person whose "Attorneys' Eyes Only" matter was released during the course this proceeding, and/or dispose of any "Attorneys' Eyes Only" matter retained thereafter pursuant to the Privacy Standards.

**IT IS SO ORDERED.**

**DATED:**

_____
**United States District Judge**