**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY LEE (#Y48589), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-01772 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al. | ) | Honorable Judge Jorge L. Alonso |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, WEXFORD HEALTH SOURCES, INC., HELEN BRUCKNER, EILEEN COUTURE, AND MARLENE HENZE'S OMNIBUS REPLY IN SUPPORT OF DEFENDNANTS' PARTIAL MOTIONS TO DISMISS**

NOW COME the Defendants, WEXFORD HEALTH SOURCES, INC., HELEN BRUCKNER, EILEEN COUTURE, and MARLENE HENZE, by and through their attorneys, CONNOLLY KRAUSE LLC, and for their Omnibus Reply in Support Defendants' Partial Motions to Dismiss, state as follows:

## ARGUMENT

### I. Plaintiff's Count VII is improperly pled and should be dismissed or otherwise stricken.

Plaintiff's response fails to address Wexford's argument that Plaintiff has not pled the proper standard of care, nor pled sufficient facts to place Wexford on notice of the alleged breaches of said standard of care, to which Plaintiff's claims Wexford should be held vicariously liable. True, Plaintiff incorporates his 735 ILCS 5/2-622 affidavits as supplementation to his Third Amended Complaint. The affidavits contain lists of "responsibilities" to which Plaintiff's expert posits were attributable to each of the individual Defendants and conclusively indicates that the care provided by each respective Defendant "fell below the minimum standard of care." The

affidavits do nothing to define what "standard of care" each respective Defendant allegedly fell below. In fact, the applicable standard of care is not defined anywhere in Plaintiff's Third Amended Complaint or attached Affidavits.

In *arguendo*, even if, Plaintiff has pled sufficient allegations concerning the alleged duty owed and breach of the same on the part of Wexford and the individual Defendants, Plaintiff has not pled and cannot identify the allegations that appropriately plead duty and breach on the part of Nurse Paramore or Nurse Ohakosim[1]. As presented by Plaintiff in his Response, the following allegations concerning the Nurses are apparently intended to place Wexford on notice of the alleged "negligence" on the part of Nurse Paramore and/or Nurse Ohakosim, of which Wexford is vicariously liable:

- A nurse notified Dr. Henze and Dr. Kucera[2] of the incident; (Dkt. 136, ¶46)
- The Nurses had conversations with Dr. Henze and Dr. Kucera, upon which both relied; (Dkt. 136, ¶47)
- The nurses assessed Plaintiff's burns as yellow in color with blisters "that were bursting during reassessment of restraints[3]," which was conveyed to Dr. Henze; (Dkt. 136, ¶48)
- Dr. Henze ordered Silvadene and directed the Nurses to wrap Plaintiff's wound with gauze; (Dkt. 136, ¶57)

Plaintiff does not allege that Dr. Henze "disregarded" the communications with the nurses; Plaintiff does not allege that the Nurses failed to "properly communicate" with Dr. Henze; Plaintiff does not allege that the Nurses provided deficient care. Though Plaintiff articulates his apparent theory, or "theories," of negligence with respect to Dr. Henze and the Nurses in his Response,

[1] In his Response, Plaintiff refers to these nurses as "Wexford Nurses;" Wexford explicitly denies that Nurse Paramore and/or Nurse Ohakosim were Wexford employees or agents.
[2] In his Response, Plaintiff identifies Dr. Kucera as a "Wexford physician" in the opening paragraph of his Response. Discovery to date has established, unequivocally, that Dr. Kucera was not a Wexford employee, let alone a physician.
[3] In his Response, Plaintiff repeatedly states that Dr. Henze "ordered" Plaintiff into restraints; this assertion is explicitly denied.

these facts are not articulated in such a manner to plausibly suggest the same in his Third Amended Complaint. *Iqbal* requires that a plaintiff's complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact" and that claim is only sufficient if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). These limited allegations, which contain no claim of negligent or inappropriate action on the part of the Nurses, cannot lead to a reasonable inference of misconduct.

Factual allegations such as these were addressed in *Twombly* in the context of a conspiracy claim. In *Twombly,* as an allegation in support of the plaintiff's conspiracy claim, plaintiff alleged that the defendants were acting in concert, through "parallel conduct" and as such, the defendants were engaged in conspiracy. 550 U.S. 544, 557, 127 S. Ct. 1955, 1966 (2007). The Court stated that Plaintiff's allegations were "consistent with conspiracy, but just as much in line with a wide swath of rational and competitive business strategy unilaterally prompted by common perceptions of the market." *Id.,* at 554. The Court found that without more, plaintiff could not defeat a motion under Rule 12(b)(6). *Id.* The behavior [Plaintiff] has alleged that the Nurses engaged in *supra*, is just as consistent with lawful, appropriate medical conduct as it is with alleged wrongdoing, which has only been raised in Plaintiff's Response. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). In his Third Amended Complaint, Plaintiff simply alleges that the nurses spoke with Dr. Henze and Dr. Kucera, assessed Plaintiff's wounds, reported their assessment, and received direction. Plaintiff does not allege that *any* of these actions were inappropriate or negligent. Without more, Plaintiff's allegations are too vague to provide notice to Defendants of the contours of his claims of medical negligence and therefore, Wexford's alleged vicarious liability. *Id.*

Plaintiff relies on *Flowers* to support his contention that Plaintiff is not required to affirmatively plead the standard of care. Defendants posit that *Flowers* provides an example as to why Plaintiff's pleadings are in fact, deficient. As Plaintiff indicates, the Court in *Flowers* found that plaintiff's allegation that a doctor was "aware of [the plaintiff's] surgery but failed to provide the necessary medications" was sufficient to suggest that [the defendant] breached the applicable standard of care. U.S. Dist. LEXIS 146887, at *9 (N.D. Ill. Aug. 5, 2021). Unlike the allegations contained in Plaintiff's Third Amended Complaint in relation to the Nurses, the plaintiff in *Flowers* affirmatively pled that a medical defendant was aware an alleged medical concern existed *and failed* to address it, thereby *articulating* what exactly plaintiff asserts to be the negligent act or breach of duty. *Id.*

Plaintiff further cites *Thomason v. Allison*, which also provides comparison to Plaintiff's deficient pleadings. In *Thomason*, the Court held that Plaintiff had pled allegations against the defendants which were "sufficient to plausibly suggest that they 'breached the applicable standard of care.'" 2023 U.S. Dist. LEXIS 154729, at *7 (S.D. Ill. Aug. 31, 2023). The Court noted that Plaintiff alleged that a defendant "failed to provide Plaintiff proper medical treatment," and that a defendant "failed to 'provide or refer proper medical treatment." Unlike the plaintiffs in *Flowers* and *Thomason*, Plaintiff has failed to plead allegations that could plausibly suggest that either Nurse Paramore or Nurse Ohakosim breached any standard of care.

Wexford does not contend that Plaintiff is required to plead an exhaustive list of factual allegations to establish that the Nurses were allegedly negligent and as such, Wexford should be held vicariously liable for said alleged actions. However, Plaintiff does not identify or assert through any allegation contained in his Third Amended Complaint as to how the nurses allegedly breached, or could have breached, any duty of care. Unlike *Flowers* and *Thomason*, Plaintiff does

not allege that either Nurse "failed" or "omitted" or "inappropriately" did anything in connection with Plaintiff's medical care outside of the conclusory statements contained in his Count VII. (Dkt. 136, ¶¶259-260). Conclusory allegations are not entitled to the assumptions of truth. *Iqbal*, 556 U.S. 662, at 681. These paragraphs are exactly what the Court in *Iqbal* sought to address and fails under the same analysis, because it is merely a formulaic recitation of the cause of action and nothing more. *Brooks,* 578 F.3d 574 at 582. It therefore does not put Wexford on notice of what actions they may be held vicariously liable. *Id.* These paragraphs do not adequately place Wexford on notice as to how or why Plaintiff claims that Wexford is vicariously liable for the alleged actions of these individuals. For this reason, Plaintiff's Count VII should be dismissed or otherwise stricken of deficient pleadings.

## II. Punitive damages are not allowed in Illinois medical negligence claims and must be dismissed.

Plaintiff does not contest or respond to Defendants' argument that Plaintiff has improperly pled punitive allegations in Counts VII, VIII, XI, and XII, and improperly request punitive damages in connection with his state law medical negligence claims. Plaintiff concedes that punitive damages are not available in his negligence claims and asserts that he intends to "only seek punitive damages for claims where such claims are available." Plaintiff further asserts that Plaintiff "will not seek any damages that are not legally recoverable" at the time of trial. Though Defendants' appreciate this concession, it does not change the fact that as written, Plaintiff's Third Amended Complaint pleads punitive allegations in Counts VII, VIII, XI, and XII, when such allegations are entirely unnecessary for a cause of action sounded in alleged negligence. It is clear, as written, Plaintiff's Third Amended Complaint improperly seeks relief in the form of punitive damages under Plaintiff's medical negligence claims, including Counts VII, VIII, XI, and XII. As such, this Court should dismiss or otherwise strike Plaintiff's punitive allegations and requests for

punitive damages in Counts VII, VIII, XI, and XII, and issue an Order stating the same, and issue an Order barring Plaintiff from seeking punitive damages in connection with Couns VII, VIII, XI, and XII.

WHEREFORE, Defendants, WEXFORD HEALTH SOURCES, INC., HELEN BRUCKNER, EILEEN COUTURE, and MARLENE HENZE, respectfully pray that their Partial Motions for Dismiss be granted, and that the Court enter an Order reflecting the same, or otherwise grant any relief deemed just and fair.

Respectfully submitted,

**CONNOLLY KRAUSE LLC**

/s/ *Christopher J. Garavaglia*
One of the Attorneys for Defendants

Robert S. Tengesdal #6288650
Christopher J. Garavaglia #6323928
CONNOLLY KRAUSE LLC
Attorneys for Defendants
150 N. Michigan Ave., Ste 1000
Chicago, IL 60601
Tel: (312) 253-6200
Email: rtengesdal@cktrials.com
cgaravaglia@cktrials.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2026, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all counsel of record by filing the same with the CM/ECF system.

/s/ *Christopher J. Garavaglia*