**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANTHONY LEE (#Y48589), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-01772 |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al. | ) | Honorable Judge Jorge L. Alonso |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER TO PLAINTIFF'S SUBPOENA TO UPTOWN PEOPLES LAW CENTER**

NOW COME the Defendants, HELEN BRUCKNER, EILEEN COUTURE, MARLENE HENZE and WEXFORD HEALTH SOURCES, INC., by and through their attorneys, CONNOLLY KRAUSE LLC, and for their Motion for Protective Order to Plaintiff's Subpoena to Uptown Peoples Law Center, issued by Plaintiff on September 5, 2026, state as follows:

**BACKGROUND AND RULE 37.2 EFFORTS**

In relevant part to the instant motion, Plaintiff has filed his Third Amended Complaint, asserting claims under 42 U.S.C. § 1983 and state law professional negligence, in which Plaintiff alleges a *Monell* claim against Defendant, Wexford Health Sources, Inc. (Dkt. 136). In support of his *Monell* claim, Plaintiff provides general allegations of a delay in access to "adequate and necessary" medical care treatment, allegedly resulting from policies and procedures promulgated by Wexford. (*Id.*). Wexford has denied these allegations. (Dkt. 184).

On September 5, 2026, (a Saturday), Plaintiff sent correspondence via email to all parties indicating that Plaintiff had issued contemporaneously, a subpoena for records to Uptown People's Law Center, (hereinafter, "UPLC), a nonparty to this case, which is the subpoena subject to this

motion. (Ex. 1 – 9/5/26 Correspondence; Ex. 2 – 9/5/26 Subpoena to UPLC). Plaintiff's subpoena to UPLC seeks production of the following information:

> "All documents sufficient to identify the names and IDOC numbers of all patients discussed in the Fifth (ECF 1579), Sixth (ECF 1661), and Eighth (ECF 1725) Independent Monitor Reports submitted in Lippert v. Godinez, No. 1:10-cv-04603 (N.D. Ill.)."
> (Ex. 1).

Prior to issuing the subpoena at issue, on July 16, 2026, Plaintiff served a subpoena upon the Illinois Department of Corrections, (hereinafter, "IDOC"), requesting the complete medical records of 31 anonymous "Patients" of whom were addressed in the Mortality Reviews of the Fifth, Sixth, and Eighth *Lippert* Monitor Reports, submitted in *Lippert v. Godinez,* No. 1:10-cv-04603 (N.D. Ill.) (Ex. 3 – 7/16/26 IDOC Subpoena). Wexford Defendants and IDOC timely provided to Plaintiff their respective objections to the IDOC subpoena and multiple meet and confers were conducted via telephone and video conference. Notably, discussions concerning the scope of the July 2026 IDOC subpoena remain ongoing, with the parties scheduled to meet and confer on October 22, 2026.

Plaintiff has since moved to intervene in the *Lippert* litigation and has concurrently requested a modification to the controlling protective order to allow for the production of information that is deemed confidential in the *Lippert* litigation, presumably for the purpose of identifying the 31 anonymized patients contained in Plaintiff's subpoena to IDOC. (No. 1:10-cv-04603, Dkt. 2120). Defendants initially voiced their opposition to Plaintiff's Motion to Intervene but have since decided against said opposition[1]. This Motion is brought specifically with respect to Plaintiff's UPLC subpoena, and in anticipation of the Court granting Plaintiff's Motion to

---

[1] Though Wexford does not intend to file an opposition to Plaintiff's Motion to Intervene in the *Lippert* litigation in the instant matter, Wexford makes no concessions on the propriety or necessity of Plaintiff's Motion, nor does Wexford waive its right to oppose similar Motions for the same or similar requested relief in the future.

Intervene and to Modify the *Lippert* protective order, and to ensure that Defendants' opposition to Plaintiff's UPLC subpoena is timely filed and of record.

Admittedly, the instant Motion is unique, as it is brought primarily to address the pending subpoena to UPLC, in which Plaintiff is seeking documents sufficient to identify ***all*** of the patients "discussed" in the *Lippert* reports. However, Defendants need also take into consideration the pending July 15, 2026, IDOC subpoena, in which Plaintiff is seeking records to the 31 anonymous patients[2].

Pursuant to the Court's applicable standing order on the subject of discovery disputes, Counsel certifies that he and Plaintiff's counsel have conferred in good faith, on numerous occasions, via telephonically, video conference, and through written correspondence, on the scope of both the subject September 5, 2026, UPLC subpoena, (Ex. 2), and the underlying July 15, 2026, IDOC subpoena. Communications remain ongoing with respect to the scope of the July 15, 2026, IDOC subpoena; however, at the time of this writing, the parties remain at an impasse as to the scope of the pending UPLC subpoena.

## ARGUMENT

### 1. Defendants Have Standing to Move for a Protective Order Pursuant to Rule 26.

In his Motion to Intervene, Plaintiff alerted to the *Lippert* Court that it was Plaintiff's position that Defendants did not have standing to move to quash Plaintiff's underlying UPLC subpoena. Though Plaintiff's assertion is debatable, Courts in this District, and others, have nevertheless affirmed that Defendants have a right to seek a protective order against a third-party subpoena. *Buonavolanto v. LG Chem, Ltd.*, No. 18 C 2802, 2019 U.S. Dist. LEXIS 229629, at *4 (N.D. Ill. Mar. 8, 2019). "District courts have found that a party who lacks standing under Rule 45

[2] Plaintiff has further issued a subpoena to IDOC in which Plaintiff is seeking the full medical charts of 113 Individual Inmates.

to challenge a subpoena may 'achieve a similar end under Rule 26' by requesting a protective order relating to document requests served on a third party." *Bilek v. America's Health Center Inc.*, No. 21-cv-1651, 2021 U.S. Dist. LEXIS 264036, at *3 (N.D. Ill. July 30, 2021). The 2015 amendments to Rule 26 emphasize, "[t]he parties… and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Id.,* at *6. (citations omitted). The Court "must limit the frequency or extent of discovery otherwise allowed by [the] rules" if "the discovery sought is unreasonably cumulative or duplicative" or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." *Deleon-Reyes v. Guevara*, No. 1:18-cv-01028, 2020 U.S. Dist. LEXIS 99772, at *10 (N.D. Ill. June 8, 2020). The Court, moreover, "enjoy[s] extremely broad discretion" in managing discovery. *Id.,* citing *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). As such, Defendants have standing to challenge Plaintiff's third-party subpoena, and such challenge is brought in the form of a request for a protective order pursuant to Rule 26, and the Court has discretion to enter a protective order enforcing the same.

**2. Defendants' Motion is Timely Filed.**

Plaintiff's subpoena was issued to UPLC on September 5, 2026. (Ex. 1, 2). Defendants provided Plaintiff with their formal objections to said subpoena on September 18, 2026, pursuant to Fed. R. Civ. Pro Rule 45(d)(2)(B). (Ex. 4 – 9/18/26 Objections). Through the course of various meet and confers, Counsel for Defendants advised that time was necessary to determine the course of action that Defendants intended to take with respect to those Motions filed in *Lippert*, in consideration and interest of judicial economy, and the affiliated subpoenas. Plaintiff agreed to allow for Defendants to file any motion in opposition to the UPLC subpoena on or by October 19,

2026[3], which would have been the same date upon which any opposition to the Motion to Intervene would be filed. (*Lippert,* No. 1:10-cv-04603, Dkt. 2123).

As previously stated, the parties continue to meet and confer on the underlying IDOC subpoena, in which Plaintiff is seeking the complete medical files of 31 anonymous patients, in an effort to determine if existing disputes as to the scope of the subpoena may be resolved. That being said, it is expected that the *Lippert* Court will enter an Order on Plaintiff's Motion to Intervene and to Modify the Protective Order in the near future. Plaintiff has further represented that even if a compromise on the scope of Plaintiff's IDOC subpoena was reached, Plaintiff's subpoena to UPLC would remain unchanged. As such, though the parties have attempted in good faith to resolve their disputes with respect to the UPLC subpoena, as presently written, the parties remain at an impasse, and the instant Motion is timely filed even as the parties continue to confer on the July 15, 2026, IDOC subpoena.

**3. The Court Should Quash, or Otherwise Limit Plaintiff's Subpoena, Which Is Overly Broad.**

The limits set forth under Rule 26(b) apply to non-party subpoenas under Rule 45. *Bilek*, 2021 U.S. Dist. LEXIS 264036, at *3. Rule 26(b)(1) of the Federal Rules of Civil Procedure explains that parties may obtain discovery about nonprivileged matters that are "relevant to any party's claim or defense and proportional to the needs of the case," considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (emphasis added). Discovery is "not a ticket to an unlimited, never-ending

[3] Plaintiff's counsel was informed of Defendants' intent to file the instant Motion, as well as Defendants' intention to not oppose Plaintiff's Motion to Intervene in the *Lippert* litigation, on October 19, 2026.

exploration of every conceivable matter that captures an attorney's interest." *Motorola Sols., Inc. v. Hytera Commc'ns Corp.,* 365 F. Supp. 3d 916, 925 (N.D. Ill. 2019). There still exist "ultimate and necessary boundaries" to discovery, *Oppenheimer Fund v. Sanders,* 437 U.S. 340, 351 (1978), and a general rule of allowing discovery "should not be misapplied so as to allow fishing expeditions . . . ." *United States v. Lake Cnty. Bd. of Comm'rs,* No. 04-cv-415, 2006 WL 1660598, at *1 (N.D. Ind. June 7, 2006).

A party's objection that the non-party discovery exceeds the proper bounds under Rule 26(b)(1) and thus unfairly burdens the party (by requiring it to devote substantial resources to reviewing the discovery, participating in depositions, or filing motions in limine) also may have substantial weight in a particular case. *Noble Roman's, Inc. v. Hattenhauer Distributing Co.*, 314 F.R.D. 304, 307 (S.D. Ind. 2016). The party requesting discovery bears the initial burden to establish its relevancy. *Mendez v. City of Chicago*, No. 18-cv-6313, 2020 U.S. Dist. LEXIS 146598, at *8 (N.D. Ill. Aug. 14, 2020).

As described above, presumably, the precursor to Plaintiff's subpoena to UPLC was the subpoena tendered to IDOC, in which the records of 31 anonymous individuals were requested. Said subpoena to IDOC is currently contested. (Ex. 3). Plaintiff's *current* request to UPLC is *extraordinarily* overly broad with respect to the information that is being sought. As written, Plaintiff is not seeking the identifying information of the 31 anonymous patients identifying in the underlying IDOC subpoena; Plaintiff is not even seeking information limited to individuals involved in the Mortality Reviews. Rather, Plaintiff is seeking identifying information of "all patients 'discussed' in the Fifth (ECF 1579), Sixth (ECF 1661), and Eighth (ECF 1725) Independent Monitor Reports," regardless of the medical treatment they received; regardless of their disposition; regardless of their location; regardless of the circumstances surrounding their

involvement in the various *Lippert* Reports. This is not within the bounds of Fed. R. Civ. Pro 26(b). *See Bilek*, 2021 U.S. Dist. LEXIS 264036, at *3.

*In arguendo,* a subpoena requesting information for the purpose of identifying specific, anonymized individuals that have been allegedly identified as receiving similarly situated medical treatment, or non-treatment, would be better received, albeit not conceded. However, that is not the case here. Rather, Plaintiff's subpoena is seeking information concerning hundreds of individuals, of whom Plaintiff has not identified with any certainty bear any factual nexus concerning medical care received or alleged deficiencies in treatment. Involving each and every patient involved in the *Lippert* reports, regardless of relevancy or nexus to the facts of the case, would result in an exceptional endeavor on Defendants in determining what, if any, of the hundreds of individuals identified bear any remotely relevancy to the underlying issues of the case. This burden is not proportional to the needs of the case. *Noble Roman's, Inc.* F.R.D. 304 at 307.

Plaintiff has represented that even if a compromise was reached on the contested 31 medical files contained in the July 15, 2026, IDOC subpoena, the language of the UPLC subpoena would not be altered. Plaintiff has not articulated a reason as to why information concerning patients beyond what is being sought in the contested IDOC subpoena is being requested from UPLC other than the fact that UPLC is not objecting to the request. Although broad discovery may be the standard, "just because I can" is not an adequate driving force behind such an expansive request for information.

A tailored and targeted request for information sufficient in identifying specific individuals, and proportionate to the needs of the case, could fathomably be considered a good-faith effort in attempting to obtain information pertinent and probative to the relevant and underlying issues. A dragnet request for information to identify each and every individual, whom

were intentionally anonymized, and simply "discussed" in three separate *Lippert* Monitor Reports, is not reasonably directed towards relevant discovery. As such, a protective order should be entered to address Plaintiff's overreaching subpoena to UPLC.

WHEREFORE, Defendants, HELEN BRUCKNER, EILEEN COUTURE, MARLENE HENZE and WEXFORD HEALTH SOURCES, INC., respectfully pray that this Honorable Court grant the following relief:

a) Enter an Order within the discretionary powers of the Court, quashing Plaintiff's UPLC subpoena, or preventing Plaintiff from enforcing his subpoena powers, pursuant to Fed R. Civ. Pro. 26, or;

b) Enter an Order instructing UPLC to abstain from providing the requested documents pending ongoing Rule 37.2 Communications between the parties and resolution of any ongoing disputes concerning discovery, and/or;

c) Enter an Order instructing Plaintiff to limit his requests for information directed towards UPLC, and/or;

d) Grant any additional relief deemed just and fair.

Respectfully submitted,

**CONNOLLY KRAUSE LLC**

/s/ *Christopher J. Garavaglia*
One of the Attorneys for Defendants

Robert S. Tengesdal #6288650
Christopher J. Garavaglia #6323928
CONNOLLY KRAUSE LLC
Attorneys for Defendants
150 N. Michigan Ave., Ste 1000
Chicago, IL 60601
Tel: (312) 253-6200
Email: rtengesdal@cktrials.com
cgaravaglia@cktrials.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I caused the foregoing document to be filed electronically with the Clerk of the Court through ECF and to be served upon all counsel of record by filing the same with the CM/ECF system.

/s/*Christopher J. Garavaglia*